FILED

SEP 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 | JAMES DAVIS BENNETT, PRO SE
2 | SANTA ANA JAIL/BK. NO. 06-00190
 | P.O. BOX 22003
 | SANTA ANA, CA  92701

3

4 | UNITED STATES DICTRICT COURT FOR THE DICTRICT OF COLUMBIA

5

6 | JAMES DAVIS BENNETT,                    ) CASE No. _____
                                          )
7 |            Plaintiff,                  ) **Civil Rights Complaint against**
                                          ) **Government officials in their**
8 |     vs.                                ) **individual capacities Pursuant**
                                          ) **to Biven v. Six Unknown Agents**
9 | ALICEMARIE STOTLER, BRETT A.           ) **403 U.S. 388(1971)**
 | SAGEL, DAVID HOFFER, MICHAEL            )
10 | RAWLINS, JAMES SENEBRENNER AND         ) CASE NUMBER  1:06CV01635
 | ALBERTO GONZALEZ and Does 1-10          )
11 |            Defendants                  ) JUDGE: John D. Bates
                                          )
12 |                                        ) DECK TYPE: Pro se General Civil
13 |                                        ) DATE STAMP: 09/██/2006

14 | **JURISDICTIONAL ISSUES RELATIVE TO PERSONAL LIABILTIY OF ALL**

15 | **DEFENDANT ACTS DONE IN "CLEAR ABSENCE OF ALL JURISDICTION" AND**

16 | **FORBIDDEN BY THE CONSTITUTION. IF WE ALLOW JUDGES AND**

17 | **PROSECUTORS TO AMEND THE CONSTITUTION TO FIT THEIR PERSONAL**

18 | **DESIRES IT WILL NO LONGER BE THE UNITED STATES CONSTITUTION BUT**

19 | **IT WILL THEN BECOME THE DISTRICT COURT'S CONSTITUTION**

20

21 |     "No person shall be held to answer for a capital, or

22 | otherwise infamous crime unless on a presentment or indictment

23 | of a Grand Jury", The Fifth Amendment of the United States

24 | Constitution.

25 |     " No person shall be......deprived of life, liberty , or

26 | property without due process of law....", The Fifth Amendment of

27 | The United States Constitution.

28

1 "…..An offense(other than criminal contempt) must be

2 prosecuted by an indictment if it is punishable: B) by

3 imprisonment for more than one year", Rule 7(a)(1) Federal Rules

4 of Criminal Procedure for the United States District Courts.

5 "Arraignment shall be conducted in open court and shall

6 consist of reading the indictment or information to the

7 defendant or stating to the defendant the substance of the

8 charge and calling on the defendant to plead thereto. The

9 defendant shall be given a copy of the indictment or information

10 before being called upon to plead", Rule 10 Federal Rules of

11 Criminal Procedures for the United States District Courts.

12 After the evidence presented to the jury did not support

13 convictions on the charges returned by a duly sworn Grand Jury

14 within the indictment as returned therein, Chief District Judge

15 Alicemarie Stotler and or others changed the indicted charges

16 through issuing court instructions #1, 2, 5, 7, 24, and 26, see

17 exhibit I-indictment and court instruction.

18 The indictment charged 12 counts. Count 11 was dismissed by

19 the prosecution during trial with prejudice. In Court

20 instruction # 1 chief judge Stotler begins to change the Grand

21 Jury charges by stating to the jury; "it is your duty to find

22 the facts from all the evidence in the case. To those facts you

23 will **apply the law as I give it to you. You must follow the law**

24 **as I give it to you whether you agree with it or not."** The judge

25 goes on to suggest to the jury that the defendant has pleaded

26 not guilty to the charges within the indictment **only and not the**

27 **charges she is about to instruct** by stating in court instruction

28 #2; "The Defendant has pleaded not guilty to the charges

1    contained in the *indictment*." She does not mention that the
2    defendant was unaware of the charges changed by the judge and or
3    others and was not given an opportunity to enter a plea to them.

4        The violations as alleged by the Grand Jury in counts 1-4
5    are wire fraud *and causing an act to be done*. The violations as
6    alleged by the Grand Jury in counts 5-10 are bank fraud *and*
7    *causing an act to be done*. The violations returned by the Grand
8    Jury in counts 1-4 were changed by judge Stotler and or others
9    with her instructions# 5 and 24 to wire fraud *or aiding and*
10   *abetting wire fraud*. The violations returned by the Grand Jury
11   in counts 5-10 were changed by judge Stotler and or others with
12   her instructions # 7 and 24 to bank fraud *or aiding and abetting*
13   *bank fraud*.

14       The violation as alleged by the Grand Jury in count 12 was
15   a Continuing Financial Crimes Enterprise violation. Paragraph 14
16   of the indictment identifies "….a series of violations under
17   title 18, United States Code, Sections 1341, 1343, and 1344…" as
18   the financial crimes enterprise without reference to the
19   specific crimes within the series. The section 1341 and 1343
20   violations returned by the Grand Jury in paragraph 14 of the
21   indictment were changed to section 1341 "*affecting a financial*
22   *institution*" and section 1343 "*affecting a financial*
23   *institution*" by judge Stotler and or others in her instruction
24   #26. In an effort to satisfy the various requirements related to
25   gross receipts and affecting financial institutions, judge
26   Stotler and or others further changed the indictment by allowing
27   *15 new counts* not seen or returned by the Grand Jury thus
28   supplementing the 10 counts she and or others had already

1  changed through court instructions # 5, 7, 24 and 26. In an

2  effort to make the conviction she and or others alleged sections

3  1341 and 1343; both alleging to have affected financial

4  institutions, and section 1344 against all 25 counts; 10 of

5  which were the changed Grand Jury counts 1-10 mentioned above.

6      The Grand Jury "came to be regarded as an the institution

7  by which the subject was rendered secured against oppression

8  from unfounded prosecution….", Ex Parte Bain, 7S.ct 781.

9      "Purpose of requirement that a man be indicted by Grand

10  Jury is to limit his jeopardy to offenses charged by a group of

11  his fellow citizens acting independently of either prosecuting

12  attorney or judge", Stirone v U.S., 80 S.ct 270.

13      The indictment "being the findings of a jury upon oath, the

14  court cannot amend without the concurrence of the Grand Jury by

15  whom the Bill is founded", Ex Parte Bain 7 S.ct 781.

16      The "court cannot permit a defendant to be tried on charges

17  that are not made in the indictment against him", Stirone v.

18  U.S., 80 S.ct 270.

19      "After the indictment has been returned and criminal

20  proceedings are underway the indictment's charge may not be

21  broaden by amendment either literal or constructive, except by

22  the Grand Jury itself", U.S. v Adamson 291 F.3d 606.

23      "After indictment has been returned its charges may not be

24  broadened through amendment whether it be by physical

25  alteration, jury instructions or bill of particulars, except by

26  the Grand Jury", U.S. v Pazsint, 703 F.2d 420.

27      Ex Parte Bain held " that after the indictment was changed

28  it was no longer the indictment of the Grand Jury who presented

1 it. Any other *doctrine* would place the rights of the citizen

2 which were intended to be protected by the Constitution

3 provision at the *mercy or control of the court or the*

4 *prosecuting attorney*; for if it be **once held** that charges can be

5 made by *consent or order of the court* in the body of the

6 indictment as presented by the Grand Jury, and the prisoner can

7 be called upon to answer to the indictment as thus changed, the

8 *restriction which the constitution places upon the power of the*

9 *court* in regard to the prerequisite of an indictment in reality

10 no longer exists. It is of no avail, under such circumstances to

11 say the court still has *jurisdiction* of the person and of the

12 crime.....".

13     While judges enjoy absolute immunity from liability in

14 damages for their judicial or adjudicatory acts, judges are not

15 absolutely immune from liability and damages for administrative,

16 legislative, or executive functions that judges may occasionally

17 be assigned...., Forrester v White 108 S.ct 538, held state court

18 judge did not have absolute immunity from damages suit under

19 section 1983 for his decision to demote and dismiss probation

20 officer. Judge Stotler and or others were acting in a

21 legislative capacity in a "clear absence of such Jurisdiction"

22 when they modified the Fifth Amendment for the purpose of making

23 charges against the Plaintiff.

24     Generally, judges are immune from suit for judicial acts

25 within or in excess of their *jurisdiction* even if those acts

26 have been done maliciously or corruptly; the only exception to

27 the sweeping cloak of immunity being for acts done in the "

28

1   Clear Absence of all *Jurisdiction*", Gregory v Thompson 500 F. 2d

2   59.

3        In Gregory the justice of the peace was performing an act

4   that was done in the "clear absence of all jurisdiction" when he

5   evicted an elderly man from his courtroom and assaulted him in

6   the process. The ninth circuit court of appeals held "…..that

7   the justice had no absolute immunity from liability but could

8   claim qualified immunity…" if it was found he acted in good

9   faith, Gregory v Thompson 5000 F.2d 59.

10       Federal official enjoys immunity only in those instances

11  where he was acting within the outer perimeter of official

12  duties and was performing discretionary, as opposed to

13  ministerial acts, Ophelia Green v. William H. James, 473 F.2d

14  600.

15       Federal official "acting under color of federal authority"

16  are personally liable for acts that violated the constitution,

17  Webster Bivens v. Six Unknown Named Agents of Federal Bureau of

18  Narcotics, 91 S.ct 1999.

19       Chief United States District judge Alicemarie Stotler,

20  Assistant United States Attorney Brett A. Sagel changed, to suit

21  their individual and personal requirements, the charges in

22  Plaintiff's indictment which was returned by a duly sworn Grand

23  Jury thereby performing acts that are specifically forbidden by

24  the constitution, statutes, and common laws of the United

25  States. They did so knowingly and not only in a "clear absence

26  of all *jurisdiction*" conferred upon them by the nature of the

27  official offices that they hold but also knowing that their

28

1 | actions were forbidden by the very constitution they swore to
2 | uphold when taking office.

3 | In addition, Alberto Gonzalez the attorney General of the
4 | United States and James Senebrenner U.S. House Judiciary
5 | Committee Chairman was personally involved by providing personal
6 | oversight to the individuals through their formulation of
7 | policies, review of performances, providing performance
8 | incentives, setting training and qualification standards,
9 | engaging in periodic on sight audits and did permit to continue
10 | the policy or practice pursuant to which the violations occurred
11 | and or acted recklessly in managing these subordinates who are
12 | directly responsible for the deprivation of Plaintiff's
13 | constitutional rights.

14 | ## INTRODUCTION

15 | A "shadow Judiciary" is an illegal system of jurisprudence
16 | consisting of an "Illegal crime conviction ring" hiding behind a
17 | legitimate system of jurisprudence and undectable by the lay
18 | person because of the subtle unlawful tactics being deployed
19 | therein. " An illegal crime conviction ring" is a group of
20 | vigilantes consisting of an unscrupulous judge, errant
21 | prosecutor, a mischievous investigator, and a court appointed
22 | panel attorney willing to surrender his morals and the rights of
23 | the defendant in hopes of more assignments from the unscrupulous
24 | judge. We have all of these elements being deployed in the court
25 | room of Chief United States District Federal Judge Alicemarie
26 | Stotler. If you are unfortunate enough to be a member of a
27 | minority (Black) group and happen to find yourself looking for
28 | justice within the venue just mentioned do not be surprised if,

1  as indicted by the allegations below, you find instead a tall
2  tree with a short rope hanging therefrom awaiting your arrival.

3
4            **GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION**

5      1. March 21, 2002 Michael Rawlins, Special Agent with the
6  Federal Bureau of Investigation, obtains the following statement
7  from Gregory Bales; a cooperating witness, in response to his
8  inquiry regarding three loan files which were the subject of his
9  investigation; "Bennett keeps his business records(eg. Loan
10 Files, Appraisal, etc.) at his office in Anaheim Hills and at
11 his home in Yorba Linda…", see exhibit A-Bales 302 page 3 last
12 paragraph.

13     2. Knowing that he needed probable cause to search the two
14 locations mentioned in the above paragraph and also knowing he
15 had no such probable cause or justification to obtain a search
16 warrant, agent Rawlins committed perjury in his sworn affidavit
17 for search warrant by swearing to the following; " Bales further
18 advised that the business record related to the fraudulent
19 appraisals and the corresponding property flips are stored at
20 Bennett's West Belle office ….. and at his personal
21 residence…..", see exhibit B- Affidavit page 9 last three
22 sentences.

23     3. Knowing that it was not enough to have lied to create
24 the façade of probable cause agent Rawlins knew he needed to
25 establish Federal *Jurisdiction* in order to receive the warrant.
26 He then commits perjury again in his sworn affidavit by
27 representing in paragraphs a-1, b-1, and c-1 on pages 4, 6 and 7
28 respectively that Flagstar Bank was the lender on the three

1  properties he was investigating stating; " On April 5, 2002 I
2  called Flagstar Bank and was informed that the deposits of
3  Flagstar are insured by the Federal Deposit Insurance
4  Corporation, see exhibit B-Affidavit page 10 paragraph 9.

5      4. Agent Rawlins knew Flagstar Bank was not the lender but
6  instead it was another non-Federally insured institution as
7  demonstrated by the Deeds of Trusts and the signed "Payment
8  Letter to Borrower" he had in his possession, see exhibit c-
9  Deeds of Trust and payment letters.

10     5. After obtaining the search warrant through perjury
11  designed to created probable cause and perjury designed to
12  create federal *jurisdiction*, on April 9, 2002 agent Rawlins and
13  or others executed the illegal search of the plaintiff's home
14  and office  and illegally seized all documents at both locations
15  in violation of Plaintiff's fourth amendment right to privacy
16  and right to be secure in his person and effects.

17     6. In or about January 2003 agent Rawlins and assistant
18  United States Attorney David Hoffer used the illegally obtained
19  documents from the search of plaintff's home and office to
20  subornated perjury from Bernardo Fernandez against the
21  plaintiff. They fraudulently charged him with bank fraud against
22  two lenders which they had no federal *jurisdiction* and then
23  cohearsted him to take a plea agreement for leniency in exchange
24  for his false testimony against the plaintiff. The plea
25  agreement charged bank fraud against Flagstar and Indymac Bank.
26  These were not the lenders. The true lenders were Long Beach
27  City Mortgage and investments and Y.E.S. Capital Inc. as
28

indicated on the deeds of trust, see exhibit D-plea agreement &

Deeds of Trust.

7. On January 29, 2003 plaintiff was falsely arrested as a

result of the fraudulent activities of special agent Michael

Rawlins and assistant United States Attorney David Hoffer and or

others.

8. As a result of the false arrest indicted above, in or

about February 2004 judge Alicemarie Stotler selected and placed

in charge of Plaintiff's defense a panel attorney to which

plaintiff neither requested nor wanted.

9. On August 13, 2004 panel attorney filed motion to

suppress the documents obtained from the illegal search of

plaintiff's home and office.

10. On December 6, 2004 judge Alicemarie Stotler denied the

motion to suppress.

11. On December 18, 2004 Plaintiff attempted to get panel

attorney to appeal based on prosecutorial and investigatory

fraud and misconduct, he refused.

12. On December 20, 2004 plaintiff filed notice of appeal

on his own behalf and judge Alicemarie Stotler located the

notice and prevented it from being filed, see exhibiti e-

intercepted appeal.

13. On April 28, 2005 and August 10, 2005 panel attorney

filed motion for basic defense tools; cost for copies and

investigator.

14. On April 28 and August 10, 2005 Judge Alicemarie

Stotler denied the request leaving the plaintiff with an

1    attorney he did not request and further frustrating the
2    situation by refusing to pay him for basic defense tools.

3        15. On October 27, 2005 plaintiff motioned judge Stotler to
4    allow plaintiff to either represent himself or be allowed to
5    hire effective counsel at plaintiff's expense. She refused but
6    was generous enough to allow plaintiff to bring in counsel to
7    watch panel attorney but forced panel attorney to conduct
8    plaintiff's trial against plaintiff's requests.

9        16. On November 8, 2005 trial started with new assistant
10   United States attorney Brett A. Sagel, who was unlicensed, see
11   exhibit F-License of Brett A. Sagel, and who started his opening
12   arguments by showing the jury a handwritten loan application and
13   telling the jury that plaintiff filled it out and sent it to a
14   lender.

15       17. Knowing the above was untrue plaintiff motions to bring
16   in a handwriting expert to examine the document. Chief Judge
17   Alicemarie Stotler denies.

18       18. During trial chief judge Alicemarie Stotler, and the
19   unlicensed Assistant United States Attorney and or others
20   changed the Grand Jury Indictment by **adding 15 additional counts**
21   used to increase the probability of **convictions**, see exhibit G-
22   25 counts.

23       19. During trial chief judge Alicemarie Stotler and or
24   others changed indicted counts 1-10 and 12 with court
25   instruction 1, 2, 5, 7, 24 and 26.

26       20. After the Prosecution rested panel attorney filed
27   motion for acquittal under federal rules of criminal procedure
28   rule 29. Judge Stotler denied it.

1   21 January 10, 2006 the jury returned convictions on the

2  **_charges changed by judge Stotler_**, US attorney Brett A. Sagel and

3  or others. Plaintiff was then illegally seized and taken into

4  federal custody in violation of his fourth amendment right to be

5  secure in his person from unreasonable seizure. Plaintiff was

6  charged and tried on **_charges issued by judge Stotler_**, he was

7  never given the opportunity to be arraigned or prepared a

8  defense on those charges.

9   22. On March 14, 2006 Plaintiff moved the court to remove

10  panel attorney and to supplement panel attorney's motion for

11  acquittal. Now that judge Stotler had the illegal convictions

12  she allowed plaintiff to represent himself.

13   23.  In an effort to cover up all the changes she made to

14  the charges especially the **_15 additional counts_** she allowed to

15  be charged during trial judge Stotler grants acquittal on count

16  12 the Continuing Financial Crimes Enterprise charge but refused

17  to address plaintiff's filing regarding her changing the Grand

18  Jury indictment with court instructions to the jury.

19   24. Plaintiff made several motions for bill of particulars

20  requesting the court enumerated what it had done by changing the

21  charges but judge Stotler continues to obstruct justice by

22  denying the motions, see exhibit H-bill of particulars.

23

24  **FIRST CAUSE OF ACTION AGAINST ALICEMARIE STOTLER AND BRETT A.**

25   **SAGEL FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDEMT RIGHT**

26  **GUARANTEEING TRIAL ONLY ON CHARGES ISSUED BY A DULY SWORN GRAND**

27   **JURY**

28

25. The plaintiff incorporates by reference as though fully set forth herein the "Jurisdictional Issues", the "Introduction and realleges paragraphs 1-24 and further alleges that from November 2005 thru August 2006 Chief District Judge Alicemarie Stotler and assistant United States attorney Brett A. Sagel while acting unconstitutionally in the name of the United States and under the color of authority of the office of Chief United States District judge of the Central District of the State of California located within the county of orange and assistant United States Attorney did pretend to but actually were not within the outer boundaries of their official authority clearly absent of all **jurisdiction** and did deprive James Davis Bennett, plaintiff of his Fifth amendment right to be charge, arraigned, and tried only on an indictment issued by a duly sworn Grand Jury by changing the charges within the indictment thru commands to the jury and then commanding the jury in court instruction number 24 lines 19-21 that government was not required to prove plaintiff's guilt of the charges they changed stating " The government is not required to prove whether defendant actually committed the crime or aided and abetted in its commission." Plaintiff further alleges that the actions of Stotler, Sagel and or others caused him loss of freedom, loss of income, shame and embarrassment, loss of business opportunities and contracts as well as personal relationships with family members.


**SECOND CAUSE OF ACTION AGAINST ALICEMARIE STOTLER AND BRETT A. SAGEL FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE**

**PROCESS AND EQUAL PROTECTION OF THE LAW AND FOURTH AMENDMENT**

**RIGHT TO BE SECURE IN HIS PERSON FROM UNREASONABLE SEIZURE**

26. The Plaintiff incorporates by reference as though fully set fourth herein and realleges paragraph 25 of this complaint and further alleges that between January 2003 thru August 2006 that defendants Stotler and Sagel while acting unconstitutionally in the name of the United States and under the color of authority of their respective official duties but actually acting outside the outer boundaries of those official duties clearly absent of all *jurisdiction* did deprive plaintiff his Fifth Amendment right to Due process and equal protection of law and his fourth amendment right to be secure in his person from unreasonable seizure when on January 10, 2006 they illegally ordered and commanded the United States Marshalls to take plaintiff into custody absent of all *jurisdiction* and based on convictions engineered with the violations of law indicated in paragraph 25.

**THIRD CAUSE OF ACTIONS AGAINST ALICEMARIE STOTLER, BRETT A.**

**SAGEL AND MICHAEL RAWLINS FOR VIOLATION OF PLAINTIFF'S FOURTH**

**AMENDMENT RIGHT TO BE SECURE IN HIS HOME AND OFFICE AGAINST**

**UNREASONABLE SEARCHES AND SEIZURES**

27. The Plaintiff incorporates by reference as though fully set fourth herein the introduction and realleges paragraphs 1-24 and further alleges that defendants Alicemarie Stotle, Brett A. Sagel, and Michael Rawlins while acting unconstitutionally in the name of the United States and under the color of authority of their respective offices with Michael Rawlins acting as a special agent with the United States Federal

Bureau of Investigations did pretend to but was not actually
abiding within the outer boundaries of their official authority
clearly absent all *jurisdiction* did deprive plaintiff of his
constitutionally guaranteed right to be secured in his home and
office from unreasonable searches and seizures when on or about
April 9, 2002 Michael Rawlins searched and seized documents and
other items from plaintiff's home and office using a search
warrant clearly absent all *jurisdiction* and probable cause. Said
search warrant was secured by perjury committed by special agent
Rawlins by falsifying *jurisdiction* as well as falsifying
probable cause. After the illegal evidence was obtained
assistant US Attornes Brett A. Sagel and David Hoffer secured
indictments against plaintiff and judge Alicemarie Stotler
allowed the evidence to be used during trial knowing full well
the illegal activities used to obtain it.

**FORTH CAUSE OF ACTION AGAINST ALICEMARIE STOTLER FOR VIOLATION**

**OF PLAINTIFF'S SIXTH AMENDMENT RIGHT TO COUNSEL**

28. The plaintiff incorporates by reference as though full
set forth herein the introduction and realleges paragraphs 1-24
and further alleges that defendant Alicemarie Stotler while
acting unconstitutionally in the name of the United States and
under the color of authority of her office did pretend to but
was not actually abiding within the outer boundaries of her
official authority clearly absent all *jurisdiction* did deprive
the plaintiff of his constitutionally guaranteed right to
counsel when on or about February 2004 she appointed panel
attorney against the wishes of the plaintiff then constructively
denying plaintiff counsel by refusing to pay panel attorney for

1   needed services and further denied plaintiff counsel in an

2   additional violation of plaintiff's sixth amendment right to

3   counsel by refusing to allow plaintiff to hire counsel or

4   represent himself thereby leaving plaintiff with essentially no

5   counsel because defendant Stotler chosen counsel was not able to

6   effectively move forward without the payments denied by

7   defendant Stotler.

8       **FIFTH CAUSE OF ACTION AGAINST JAMES SENEBRENNER, ALBERTO**

9       **GONZALEZ FOR VIOLATING PLAINTIFF'S FIFTH, FOURTH AND SIXTH**

10      **AMENDMENT RIGHTS AS OUTLINDED IN THE FIRST, SECOND, THIRD AND**

11                    **FOURTH CAUSES OF ACTION**

12      29. The plaintiff incorporates by reference as though fully

13  set forth herein the jurisdictional issues, the introduction and

14  realleges the first, second, third and fourth causes of actions

15  and further alleges that James Senebrenner the head of the

16  United States House Judiciary Committee and Alberto Gonzalez the

17  United States Attorney General created and or permitted to

18  continue the policies and or the practices pursuant to which the

19  violations mentioned above occurred or acted recklessly in

20  managing their subordinates who caused the unlawful activities

21  that has caused the plaintiff's damages.

22

23                     **PRAYER FOR RELIEF**

24      30. The plaintiff prays for relief against the following

25  defendants as specified below:

26      a. James Senebrenner-Head of the House judiciary committee:

27      (i) the initiation of investigative proceedings against

28  chief judge Alicemarie Stotler for possible filing of

1   impeachment resolution for high crimes and misdemeanors and
2   proof of same and

3        b. Albert Gonzalez-United States Attorney General

4        (i) initiate investigation of Chief judge Alicemarie
5   Stotler, David Hoffer, Brett A. Sagel and Michael Rawlins for
6   the constitutional violations mentioned herein, for obstruction
7   of justice, perjury, subornation of perjury and other crimes
8   against minorities and others.

9        (ii) Assist the plaintiff in obtaining an injunction
10  designed to prevent Chief Judge Alicemarie Stotler's continued
11  unconstitutional detention of the plaintiff and prevent her from
12  using her secret Shadow Judiciary against others the plaintiff
13  has documented evidence as being victims.

14       c.Alicemarie Stotler

15       (i) Compensatory monetary damages related to plaintiff's
16  loss of income and business opportunities which are directly
17  related to his unconstitutional detention the final amount is
18  not determinable until plaintiff's release.

19       (ii) Immediate injunction enjoining Alicemarie Stotler
20  from further detention of plaintiff.

21       (iii) Punitive monetary damages to be determined relative
22  to the compensatory damages which are to be determined when
23  detention of plaintiff ceases.

24       d. Brett A. Sagel

25       (i) Monetary compensatory and punitive damages as indicted
26  in ci and ciii above.

27

28

e. Michael Rawlins

(i) Monetary compensatory and punitive damages as indicated in ci and ciii above.

f. David Hoffer

(i) Monetary compensatory and punitive damages as indicted in ci and ciii above.

g. All damages awards are requested to be made jointly and severely against all defendants where monetary awards are requested.

31. The district Court and or others changed the United States Constitution to thereby allow their changing the Grand Jury Indictment all were done in a "clear and absolute absence of all jurisdiction and consequently causing severe and unconstitutional damage to the Plaintiff and Plaintiff prays for relief as indicted above.

Dated this 16th day of September, 2006

JAMES DAVIS
BENNETT, PRO SE
P.O. BOX 22003
SANTA ANA, CA
92701
JAMES DAVIS BENNETT

#06-50190