# EXHIBIT D-YES DEED & FERNANDEZ PLEA

WHEN RECORDED MAIL TO

Y.E.S. CAPITAL FUNDING, INC.
2667 CAMINO DEL RIO SOUTH,
SUITE 311
SAN DIEGO, CALIFORNIA 92108


Loan No. 04-138-98

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on     APRIL   28   , 1998

The trustor is ERNIE FERNANDEZ, A SINGLE MAN

("Borrower")

The trustee is CALIFORNIA COUNTIES TITLE COMPANY

("Trustee")

The beneficiary is Y.E.S. CAPITAL FUNDING, INC., A CALIFORNIA CORPORATION

which is organized and existing under the laws of   CALIFORNIA                         , and whose
address is  2667 CAMINO DEL RIO SOUTH, SUITE 311, SAN DIEGO, CALIFORNIA 92108
("Lender")
Borrower owes Lender the principal sum of TWO HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND
00/100**********
Dollars (U.S. $ 292,500.00    ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument
("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on JUNE   1
2028       . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph
to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the
following described property located in                  LOS ANGELES                        County, California
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 7211-005-025


06 1635

which has the address of   958 25TH PLACE
                  SIGNAL HILLS             , California   90806
                  ("Property Address");

FILED

SEP 2 1 2006

## PAYMENT LETTER TO BORROWER

FROM:  LONG BEACH CITY MORTGAGE INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA 92504

RE:  Loan No: LBCM-19
Property Address:  1412 WEST 94TH PLACE, LOS ANGELES, CALIFORNIA
90047

TO:  REBECCA FERNANDEZ
14877 ASH DRIVE
CHINO HILLS, CALIFORNIA 91709

Dear Borrower:

The monthly payments on the above referred to loan are to begin on  OCTOBER  1  ,
1999  , and will continue monthly until  SEPTEMBER 1  .  2029  .

Your monthly payment will consist of the following:

| | |
|---|---|
| PRINCIPAL AND INTEREST | $ _____ 2,118.95 |
| MMI/PMI INSURANCE | |
| RESERVE FOR TAXES | |
| RESERVE FOR INSURANCE | |
| RESERVE FOR FLOOD INSURANCE | |
| | |
| **TOTAL MONTHLY PAYMENTS** | $ _____ 2,118.95 |

You are to make your payments to:

LONG BEACH CITY MORTGAGE INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA 92504

Any correspondence, or calls, in reference to your loan, please refer to the above loan
number.

Copy received and acknowledged.

Date: 8/10/99

Rebecca Fernandez
REBECCA FERNANDEZ

99 1574607

```
RECORDED/FILED IN OFFICIAL RECORDS
        RECORDER'S OFFICE
       LOS ANGELES COUNTY
           CALIFORNIA

4:41 PM AUG  20 1999
```

SPACE ABOVE THIS LINE RESERVED FOR RECORDER S USE

## TITLE(S)

| FEE CODE | N/A | N/A | 0 | 20 | 8 | 19 | 04 | 19 |
|---|---|---|---|---|---|---|---|---|
| REC FEE | NO PAGES | NO TITLES | PCOR | D A FEE | SURVEY MON | NOTIF | INVOL LIEN | NON CONF |

15

EXAMINER S INT

Assessor s Identification Number (AIN)
To Be Completed By Examiner Or Title Company In Black Ink

Number of Parcels Shown

Revision Number

503-7

**CALIFORNIA COUNTIES TITLE CO.**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
LONG BEACH CITY MORTGAGE
INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA
92504

Loan No. LBCM-19

## 99 1574607

FEE $53— E

D.A. FEE Code 20 $ 4—

[Space Above This Line For Recording Data]

## DEED OF TRUST   NCPF Code 19  $ 42—

THIS DEED OF TRUST ("Security Instrument") is made on  AUGUST 9, 1999
The trustor is REBECCA FERNANDEZ, A SINGLE WOMAN

("Borrower"). The trustee is

JOAN H. ANDERSON

("Trustee"). The beneficiary is
LONG BEACH CITY MORTGAGE INVESTMENTS INC., A DELAWARE MORTGAGE
which is organized and existing under the laws of  DELAWARE          , and whose address is
2900 ADAMS STREET, C-160, RIVERSIDE, CALIFORNIA 92504
("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED FIFTY TWO THOUSAND AND 00/100*********
Dollars (U.S. $ 252,000.00        ). This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on SEPTEMBER 1, 2029    . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following
described property located in          LOS ANGELES           County, California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".
A.P.N.: 6055-009-056

which has the address of 1412 WEST 94TH PLACE, LOS ANGELES
                                    [Street]                                    [City]

California    90047              ("Property Address");
             [Zip Code]

CALIFORNIA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3005 9/90
Document Systems, Inc. (800) 649-1362                    Page 1 of 8

AUSA COPY

1 | JOHN S. GORDON
United States Attorney
2 | JOHN C. HUESTON
Assistant United States Attorney
3 | Chief, Santa Ana Branch Office
DAVID A. HOFFER
4 | Assistant United States Attorney
(Cal. State Bar # 138246)
5 |     411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
6 |     Telephone:  (714) 338-3548

7 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

8

                UNITED STATES DISTRICT COURT

9

        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,    ) No. SA CR 02-122-AHS
11 |                     )
        Plaintiff,   ) PLEA AGREEMENT FOR DEFENDANT
12 |                     ) BERNARDO FERNANDEZ
        v.         )
13 |                     ) Date: July 22. 2002
BERNARDO FERNANDEZ,    ) Time: 3:30 p.m.
14 |                     )
        Defendant.   )
15 |                     )

16

17     1.    This constitutes the plea agreement between Bernardo

18 Fernandez ("defendant") and the United States Attorney's Office

19 for the Central District of California ("the USAO") in the above-

20 captioned case.  This agreement is limited to the USAO and cannot

21 bind any other federal, state or local prosecuting,

22 administrative or regulatory authorities.

23                       PLEA

24     2.    Defendant gives up the right to indictment by a grand

25 jury and agrees to plead guilty to a two-count information in

26 substantially the form attached to this agreement, charging

27 defendant with bank fraud, in violation of Title 18, United

28 States Code, Section 1344.

## NATURE OF THE OFFENSE

3.    In order for defendant to be guilty of counts one and two, which charge violations of Title 18, United States Code, Section 1344, the following must be true: (a) defendant must have knowingly devised or participated in a scheme to defraud a bank or to obtain money or property owned by, or under the custody or control of, a bank by means of false pretenses, representations or promises; (b) defendant must have acted with the intent to defraud; and (c) the bank must be an institution the deposits of which were insured by the Federal Deposit Insurance Corporation. Defendant admits that defendant is, in fact, guilty of this offense as described in counts one and two of the information.

## PENALTIES AND RESTITUTION

4.    The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1344 is: 30 years imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 60 years imprisonment; a five-year period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

5.    Defendant understands that defendant will be required to pay full restitution to the victim of the offense.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is

2

1 not restricted to the amounts alleged in the counts to which
2 defendant is pleading guilty and may include losses arising from
3 charges not prosecuted pursuant to this agreement as well as all
4 relevant conduct in connection with those charges. Defendant
5 further agrees that defendant will not seek the discharge of any
6 restitution obligation, in whole or in part, in any present or
7 future bankruptcy proceeding.

8     6.   Defendant understands that if defendant is presently on
9 probation, parole or supervised release in another case, the
10 convictions in this case may result in revocation of such
11 probation, parole or supervised release.

12     7.   Defendant understands that if defendant holds a
13 professional license, the convictions in this case may result in
14 the suspension or revocation of that license.

15     8.   Supervised release is a period of time following
16 imprisonment during which defendant will be subject to various
17 restrictions and requirements. Defendant understands that if
18 defendant violates one or more of the conditions of any
19 supervised release imposed, defendant may be returned to prison
20 for all or part of the term of supervised release, which could
21 result in defendant serving a total term of imprisonment greater
22 than the statutory maximum stated above.

23 FACTUAL BASIS

24     9.   Defendant and the USAO agree and stipulate to the
25 following statement of facts:

26     From 1997 through 1999, in Orange County, defendant Bernardo
27 Fernandez and others intentionally engaged in a scheme to defraud
28 and to obtain money from IndyMac Bank (IndyMac) and Flagstar Bank

3

1  (Flagstar), institutions the deposits of which were then insured

2  by the Federal Deposit Insurance Corporation, and other lenders

3  by means of false and fraudulent pretenses, representations and

4  promises.

5       In operating the scheme, defendant and his co-schemers,

6  acting through West Belle Mortgage ("West Belle") and

7  individually:

8            a.    located residential properties for sale;

9            b.    recruited straw buyers to apply for mortgages to

10 purchase the properties;

11           c.    purchased the properties at fair market value and

12 immediately resold the properties to the straw buyers at inflated

13 prices;

14           d.    prepared and caused others to prepare false and

15 fraudulent loan applications overstating the straw buyers' income

16 and assets;

17           e.    prepared and caused others to prepare false and

18 fabricated documents in support of the loan applications,

19 including false and fabricated bank statements and pay-stubs;

20           f.    prepared and caused others to prepare false and

21 fabricated payment instruments to make it appear that the down

22 payment had been funded when, in fact, no down payment had been

23 funded;

24           g.    submitted and caused others to submit the loan

25 applications and supporting documentation to IndyMac, Flagstar

26 and other lenders.

27      At the time defendant and his co-schemers submitted and

28 caused others to submit the loan applications and supporting

                              4

1 documentation, defendant and his co-schemers knew that the loan
2 applications and supporting documentation were false and
3 fraudulent.

4      Based, in part, on the false statements on the loan
5 applications and supporting documentation and the fraudulent
6 funding of the buyers' down payments, lenders funded the loans
7 with proceeds of the sales paid to West Belle. The buyers
8 defaulted on the loan payments, leaving IndyMac, Flagstar and
9 other lenders and their successors in interest with losses of
10 between $800,000 and $1,500,000.

11      On or about the dates listed below, within the Central
12 District of California, defendant, his co-schemers and others,
13 for the purpose of executing the above-described scheme to
14 defraud and to obtain money from [IndyMac,] Flagstar and other
15 lenders by means of false and fraudulent pretenses,
16 representations and promises, caused the following lenders to
17 disburse loan proceeds in the amounts listed below for the
18 purchase of the properties listed below:

| COUNT | LENDER | DATE | PROPERTY ADDRESS | LOAN AMOUNT |
|---|---|---|---|---|
| One | IndyMac | 5/98 | 958 East 25th Place, Signal Hill, California | $292,500 |
| Two | Flagstar | 8/99 | 1412 West 94th Place Los Angeles, California | $252,000 |

23                    WAIVER OF CONSTITUTIONAL RIGHTS

24      10. By pleading guilty, defendant gives up the following
25 rights:

26           a)   The right to persist in a plea of not guilty.
27           b)   The right to a speedy and public trial by jury.
28           c)   The right to the assistance of counsel at trial,

5

1  including, if defendant could not afford an attorney, the right
2  to have the Court appoint one for defendant.

3          d)    The right to be presumed innocent and to have the
4  burden of proof placed on the government to prove defendant
5  guilty beyond a reasonable doubt.

6          e)    The right to confront and cross-examine witnesses
7  against defendant.

8          f)    The right, if defendant wished, to testify on
9  defendant's own behalf and present evidence in opposition to the
10 charges, including the right to call witnesses and to subpoena
11 those witnesses to testify.

12         g)    The right not to be compelled to testify, and, if
13 defendant chose not to testify or present evidence, to have that
14 choice not be used against defendant.

15    11.  By pleading guilty, defendant also gives up any and all
16 rights to pursue any affirmative defenses, Fourth Amendment or
17 Fifth Amendment claims, and other pretrial motions that have been
18 filed or could be filed.

19                        SENTENCING FACTORS

20    12.  Defendant understands that the Court is required to
21 consider and apply the United States Sentencing Guidelines
22 ("U.S.S.G." or "Sentencing Guidelines") but may depart from those
23 guidelines under some circumstances.

24    13.  Defendant and the USAO agree and stipulate to the
25 following applicable sentencing guideline factors:
26 Base Offense Level          :     6   [U.S.S.G. § 2F1.1(a)]
27 //
28 //

6

1   Specific Offense
    Characteristics
2   (Loss of between
    $800,000 and $1,500,000)     :    11  [U.S.S.G.§ 2F1.1(b)(1)(L)]
3
    (More than Minimal
4   Planning)                    :    2  [U.S.S.G. § 2F1.1(b)(2)]
5
    Defendant and the USAO reserve the right to argue that additional
6
    specific offense characteristics, adjustments and departures are
7
    appropriate.
8
        14.  There is no agreement as to defendant's criminal
9
    history or criminal history category.
10
        15.  The stipulations in this agreement do not bind either
11
    the United States Probation Office or the Court.  The Court will
12
    determine the facts and calculations relevant to sentencing.
13
    Both defendant and the USAO are free to: (a) supplement the facts
14
    stipulated to in this agreement by supplying relevant information
15
    to the United States Probation Office and the Court, (b) correct
16
    any and all factual misstatements relating to the calculation of
17
    the sentence, and (c) argue on appeal and collateral review that
18
    the Court's sentencing calculations are not error, although each
19
    party agrees to maintain its view that the calculations in
20
    paragraph 13 are consistent with the facts of this case.
21
                        DEFENDANT'S OBLIGATIONS
22
        16.  Defendant agrees:
23
        a)    To plead guilty as set forth in this agreement.
24
        b)    To abide by all sentencing stipulations contained
25
    in this agreement.
26
        c)    To appear as ordered for all court appearances, to
27
    surrender as ordered for service of sentence, to obey all
28

7

1 | conditions of any bond, and to obey all other court orders.

2 |         d)    Not to commit any crime.

3 |         e)    To be truthful at all times with Pretrial

4 | Services, the U.S. Probation Office, and the Court.

5 |    17.    In addition, defendant agrees to cooperate fully with

6 | the USAO, the Federal Bureau of Investigation, and, as directed

7 | by the USAO, with any other federal, state, or local law

8 | enforcement agency.  This cooperation requires defendant to:

9 |         a)    Respond truthfully and completely to all questions

10 | that may be put to defendant, whether in interviews, before a

11 | grand jury, or at any trial or other court proceeding.

12 |         b)    Attend all meetings, grand jury sessions, trials

13 | or other proceedings at which defendant's presence is requested

14 | by the USAO or compelled by subpoena or court order.

15 |         c)    Produce voluntarily all documents, records, or

16 | other tangible evidence relating to matters about which the USAO,

17 | or its designee, inquires.

18 |         d)    Act, if requested to do so, in an undercover

19 | capacity to the best of defendant's ability in connection with

20 | criminal investigations by federal, state, or local law

21 | enforcement authorities, in accordance with the instructions of

22 | those law enforcement authorities.  Defendant agrees not to act

23 | undercover, tape record any conversations, or gather any evidence

24 | unless expressly instructed or authorized to do so by federal,

25 | state, or local law enforcement authorities.

26 |                    THE USAO'S OBLIGATIONS

27 |    18.    If defendant complies fully with all defendant's

28 | obligations under this agreement, the USAO agrees:

8

1    a)    To abide by all sentencing stipulations contained
2 in this agreement.

3    b)    At the time of sentencing, provided that defendant
4 demonstrates an acceptance of responsibility for the offense up
5 to and including the time of sentencing, to recommend a two-level
6 reduction in the applicable sentencing guideline offense level,
7 pursuant to U.S.S.G. § 3E1.1, and an additional one-level
8 reduction if available under that section.

9    c)    To recommend that defendant be sentenced at the
10 low end of the applicable Sentencing Guidelines range provided
11 that the range as calculated by the Court, prior to any departure
12 for substantial assistance to authorities, is 16 or higher and
13 provided that the Court does not depart downward in offense level
14 or criminal history category on any ground other than substantial
15 assistance to authorities.  Notwithstanding its agreement to
16 recommend the low end of the Sentencing Guidelines range, the
17 USAO is free to recommend any conditions of confinement,
18 including imprisonment, if the total offense level falls within
19 Zone B or C of the sentencing table.

20    d)    Except for criminal tax violations (including
21 conspiracy to commit such violations chargeable under 18 U.S.C. §
22 371), not to further prosecute defendant for violations of
23 federal law arising out of defendant's conduct, during the period
24 of January 1, 1992 through January 1, 2002, in buying and selling
25 real estate, representing buyers and sellers of real estate and
26 seeking and obtaining loans for persons buying and selling real
27 estate.  Defendant understands that the USAO is free to prosecute
28 defendant for any other unlawful past conduct or any unlawful

1  conduct that occurs after the date of this agreement.  Defendant
2  agrees that at the time of sentencing the Court may consider the
3  uncharged conduct in determining the applicable Sentencing
4  Guidelines range, where the sentence should fall within that
5  range, and the propriety and extent of any departure from that
6  range.

7          e)    Not to offer as evidence in its case-in-chief in
8  the above-captioned case or any other prosecution that may be
9  brought against defendant by the USAO, or in connection with any
10 sentencing proceeding in any case that may be brought against
11 defendant by the USAO, any statements made by defendant or
12 tangible evidence provided by defendant pursuant to this
13 agreement.  Defendant agrees, however, that the USAO may use such
14 statements and tangible evidence: (i) to obtain and pursue leads
15 to other evidence, which evidence may be used for any purpose,
16 including any prosecution of defendant, (ii) to cross-examine
17 defendant should defendant testify, or to rebut any evidence,
18 argument or representations made by defendant or a witness called
19 by defendant in any trial, sentencing hearing, or other court
20 proceeding, and (iii) in any prosecution of defendant for false
21 statement, obstruction of justice, or perjury.

22         f)    Not to use any information provided by defendant
23 pursuant to this agreement against defendant at sentencing for
24 the purpose of determining the applicable guideline range,
25 including the appropriateness of an upward departure, and to
26 recommend to the Court that such information not be used in
27 determining the point in the Sentencing Guidelines range at which
28 defendant should be sentenced.  Defendant understands, however,

                                    10

1 ‖ that information provided by defendant pursuant to this agreement

2 ‖ will be disclosed to the probation office and the Court, and that

3 ‖ the Court may use this information for the purposes set forth in

4 ‖ U.S.S.G. § 1B1.8(b).

5 ‖         g)    In connection with defendant's sentencing, to

6 ‖ bring to the Court's attention the nature and extent of

7 ‖ defendant's cooperation.

8 ‖         h)    If the USAO determines, in its exclusive judgment,

9 ‖ that defendant has provided substantial assistance to law

10 ‖ enforcement in the prosecution or investigation of another

11 ‖ ("substantial assistance"), to move the Court pursuant to

12 ‖ U.S.S.G. § 5K1.1 to impose a sentence below the sentencing range

13 ‖ otherwise dictated by the sentencing guideline.

14 ‖ DEFENDANT'S UNDERSTANDINGS REGARDING SUBSTANTIAL ASSISTANCE

15 ‖     19.  Defendant understands the following:

16 ‖         a)   Any knowingly false or misleading statement by

17 ‖ defendant will subject defendant to prosecution for false

18 ‖ statement, obstruction of justice, and perjury and will

19 ‖ constitute a breach by defendant of this agreement.

20 ‖         b)    Nothing in this agreement requires the USAO or any

21 ‖ other prosecuting or law enforcement agency to accept any

22 ‖ cooperation or assistance that defendant may offer, or to use it

23 ‖ in any particular way.

24 ‖         c)    Defendant cannot withdraw defendant's guilty plea

25 ‖ if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1

26 ‖ or 18 U.S.C. § 3553(e) for a reduced sentence or if the USAO

27 ‖ makes such a motion and the Court does not grant it.

28 ‖ //

1        d)    At this time the USAO makes no agreement or
2   representation as to whether any cooperation that defendant has
3   provided or intends to provide constitutes substantial
4   assistance.  The decision whether defendant has provided
5   substantial assistance rests solely within the discretion of the
6   USAO.

7        e)    The USAO's determination of whether defendant has
8   provided substantial assistance will not depend in any way on
9   whether the government prevails at any trial or court hearing in
10  which defendant testifies.

11                   BREACH OF AGREEMENT

12     20.    If defendant, at anytime between the execution of this
13  agreement and the completion of defendant's cooperation pursuant
14  to this agreement or defendant's surrender for service of
15  defendant's sentence, whichever is later, knowingly violates or
16  fails to perform any of defendant's obligations under this
17  agreement, the USAO may declare this agreement breached.  If the
18  USAO declares the agreement breached, and the Court finds such a
19  breach to have occurred, defendant will not be able to withdraw
20  defendant's guilty plea, and the USAO will be relieved of all its
21  obligations under this agreement.  In particular:

22        a)    The USAO will no longer be bound by any agreements
23  concerning sentencing and will be free to seek any sentence up to
24  the statutory maximum for the crime to which defendant has
25  pleaded guilty.

26        b)    The USAO will no longer be bound by any agreements
27  regarding criminal prosecution, and will be free to prosecute
28  defendant for any crime, including charges that the USAO would

                              12

1  otherwise have been obligated not to prosecute pursuant to this

2  agreement.

3          c)    The USAO will be free to prosecute defendant for

4  false statement, obstruction of justice, and perjury based on any

5  knowingly false or misleading statement by defendant.

6          d)    The USAO will no longer be bound by any agreement

7  regarding the use of statements, tangible evidence, or

8  information provided by defendant, and will be free to use any of

9  those in any way in any investigation, prosecution, or civil or

10 administrative action.  Defendant will not be able to assert

11 either (i) that those statements, tangible evidence, or

12 information were obtained in violation of the Fifth Amendment

13 privilege against compelled self-incrimination, or (ii) any claim

14 under the United States Constitution, any statute, Rule 11(e)(6)

15 of the Federal Rules of Criminal Procedure, Rule 410 of the

16 Federal Rules of Evidence, or any other federal rule, that

17 statements, tangible evidence, or information provided by

18 defendant before or after the signing of this agreement, or any

19 leads derived therefrom, should be inadmissible.

20     21.  Following a breach of this agreement by defendant,

21 should the USAO elect to pursue any charge that was either

22 dismissed or not filed as a result of this agreement, then:

23          a)    Defendant agrees that any prosecution not time-

24 barred by the applicable statute of limitations as of the date of

25 defendant's signing of this agreement may be initiated against

26 defendant notwithstanding the expiration of the statute of

27 limitations between the signing of this agreement and the

28 commencement of any such prosecution.

13

1        b)   Defendant gives up all defenses based on the
2 statute of limitations, any claim of preindictment delay, or any
3 speedy trial claim with respect to any such prosecution.

4      LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

5    22.  Defendant gives up the right to appeal any sentence
6 imposed by the Court, including any order of restitution, and the
7 manner in which the sentence is determined, provided that (a) the
8 sentence is within the statutory maximum specified above and is
9 constitutional, (b) the Court does not depart upward in offense
10 level or criminal history category, and (c) the Court determines
11 that the total offense level is 16 or below and imposes a
12 sentence within the range corresponding to the determined total
13 offense level.  Defendant also gives up any right to bring a
14 post-conviction collateral attack on the convictions or sentence,
15 including any order of restitution, except a post-conviction
16 collateral attack based on a claim of ineffective assistance of
17 counsel, a claim of newly discovered evidence, or an explicitly
18 retroactive change in the applicable Sentencing Guidelines,
19 sentencing statutes, or statutes of conviction.

20    23.  The USAO gives up its right to appeal the Court's
21 Sentencing Guidelines calculations, provided that (a) the Court
22 does not depart downward in offense level or criminal history
23 category, except as requested by, and to the extent requested by,
24 the government; and (b) the Court determines that the total
25 offense level, prior to any departure for substantial assistance
26 to authorities, is 16 or above.

27 //
28 //

## SCOPE OF AGREEMENT

1
2   24.   The Court is not a party to this agreement and need not
3   accept any of the USAO's sentencing recommendations or the
4   parties' stipulations.   Even if the Court ignores any sentencing
5   recommendation, finds facts or reaches conclusions different from
6   any stipulation, and/or imposes any sentence up to the maximum
7   established by statute, defendant cannot, for that reason,
8   withdraw defendant's guilty pleas, and defendant will remain
9   bound to fulfill all defendant's obligations under this
10  agreement.   No one -- not the prosecutor, defendant's attorney,
11  or the Court -- can make a binding prediction or promise
12  regarding the sentence defendant will receive, except that it
13  will be within the statutory maximum.

14   25.   This agreement applies only to crimes committed by
15  defendant, has no effect on any proceedings against defendant not
16  expressly mentioned herein, and shall not preclude any past,
17  present, or future forfeiture actions.

18                  NO ADDITIONAL AGREEMENTS

19   26.   Except as set forth herein, there are no promises,
20  understandings or agreements between the USAO and defendant or
21  defendant's counsel.   Nor may any additional agreement,
22  understanding or condition be entered into unless in a writing
23  signed by all parties or on the record in court.
24  //
25  //
26  //
27  //
28  //

15

1    This agreement is effective upon signature by defendant and

2  an Assistant United States Attorney.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   JOHN S. GORDON
6  United States Attorney

7  _____            _____7/2/02_____
8  DAVID A. HOFFER                     Date
   Assistant United States Attorney

9

10    I have read this agreement and carefully discussed every

11 part of it with my attorney.  I understand the terms of this

12 agreement, and I voluntarily agree to those terms.  My attorney

13 has advised me of my rights, of possible defenses, of the

14 Sentencing Guideline provisions, and of the consequences of

15 entering into this agreement.  No promises or inducements have

16 been made to me other than those contained in this agreement.  No

17 one has threatened or forced me in any way to enter into this

18 agreement.  Finally, I am satisfied with the representation of my

19 attorney in this matter.

20  _____            ____5/15/02____
21 BERNARDO FERNANDEZ                  Date
   Defendant

22

23    I am Bernardo Fernandez' attorney.  I have carefully

24 discussed every part of this agreement with my client.  Further,

25 I have fully advised my client of his/her rights, of possible

26 defenses, of the Sentencing Guidelines' provisions, and of the

27 consequences of entering into this agreement.  To my knowledge,

28 //

                              16

1  my client's decision to enter into this agreement is an informed

2  and voluntary one

3

4  VINCENT OLIVER                              Date 0/15/02

   Counsel for Bernardo Fernandez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1           CERTIFICATE OF SERVICE BY MAIL

2       I, DENISE M. MERELLO, declare:  That I am a citizen of the

3   United States and resident or employed in Orange County,

4   California; that my business address is United States Attorney's

5   Office, 411 West Fourth Street, Suite 8000, Santa Ana, California

6   92701; that I am over the age of eighteen years, and am not a

7   party to the above-entitled action;

8       That I am employed by the United States Attorney for the

9   Central District of California, who is a member of the Bar of the

10  United States District Court for the Central District of

11  California, at whose discretion the service by mail described in

12  this Certificate was made; that on July 3, 2002, I deposited in

13  the United States Mails, United States Attorney's Office, 411

14  West Fourth Street, Suite 8000, Santa Ana, California 92701 in

15  the above-entitled action, in an envelope bearing the requisite

16  postage, a copy of:

17       PLEA AGREEMENT FOR DEFENDANT BERNARDO FERNANDEZ

18
    addressed to:   Vincent Oliver
19                  207 S. Broadway, Ste One
                    Los Angeles, CA 90012
20

21  at their last known address, at which place there is a delivery

22  service by United States Mail.

23       This Certificate is executed on July 3, 2002, Santa Ana,

24  California.  I declare under penalty of perjury that the

25  foregoing is true and correct.

26

27                          _Denise M. Merello_
                            Denise M. Merello
28