1  James Davis Bennett, In Pro Se
   SANTA ANA JAIL
2  BK.NO. 06-00190
   P.O. BOX 22003
3  SANTA ANA, CA.  92701

4

5       **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

6

7  James Davis Bennett,          )  **Case No.:** 1:06-cv-01635-JDB
              Plaintiff,         )
8                                )  **Notice of Motion & Motion for**
      vs.                        )  **Judicial Notice Pursuant to**
9  Alicemarie Stotler, Brett A.  )  **Federal Rules of Evidence 201**
   Sagel, Michael Rawlins, David )  **supporting Plaintiff's**
10 Hoffer, James SensenBrenner,  )  **Affidavit, Motion for Temporary**
   Alberto Gonzales and Does 1-10,)  **Restraining Order & Preliminary**
11            Defendants         )  **Injunction**
                                 )
12 _____

13              **NOTICE OF MOTION**

14     To the Defendant's and their counsel of record please take

15 notice that on a date and time to be determined by the court

16 Plaintiff will move the court to take Judicial Notice of

17 material facts transpiring between January 2002 up and until

18 September 20, 2006 taking place within the county of Orange

19 within and or in preparation for United States of America vs

20 James Davis Bennett case number SA CR 03-25(B)AHS. Further

21 Plaintiff will move the court for a **TEMPORARY RESTRAINING** order

22 and **PRELIMINARY INJUNCTION** designed to cease the violation of

23 Plaintiff's Fifth Amendment right which prohibits the "answer

24 for a capital, or otherwise infamous crime unless o **RECEIVED**

25

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

presentment or indictment of a Grand Jury", violation of

Plaintiff's Fifth Amendment right to have life, liberty, and

property not to be taken away without due process of law, and

violation of Plaintiff's Fourth Amendment right to "be secure in

his person from unreasonable seizure".

The motions include this notice, the judicial notice of
undisputed facts, Plaintiff's verified affidavit supporting
temporary restraining order & preliminary injunction, motion for
temporary restraining order and preliminary injunction,
memorandum of points and authorities, the court file, any
exhibits attached herewith, and any oral testimony to be given
on the date of hearing.


## MOTION TO THE COURT TO TAKE JUDICIAL NOTICE OF UNDISPUTABLE FACTS PROVING ALL MATERIAL ALLEGATIONS NECESSARY TO SATISFY REQUIRED PROOF OF CAUSE OF ACTIONS ONE AND TWO WITHIN THE COMPLAINT ALL SUCH ENUMERATED FACTS ARE CONTAINED IN DOCUMENTS CREATED AND OR USED BY DEFENDANT'S STOTLER AND SAGEL WHICH CREATED DAMAGES TO THE PLAINTIFF

**Undisputed fact and verified affidavit in support of temporary
restraining order and preliminary injunction:**

1. Brett A. Sagel Assistant united States Attorney acting
under color of his oath to uphold the United States Constitution
in October 2004 obtained a twelve count first superseding

indictment from a duly sworn Grand Jury, see exhibit A-indictment and charges, and see docket # 82 case # 03-25(B)AHS.

2. Brett A. Sagel acting under color of his oath to uphold the United States Constitution on September 2005 obtained a twelve count second superseding indictment from a duly sworn Grand Jury, see exhibit A-indictment and see docket# 129. Further, the Grand Jury authorizing the second superseding indictment did not find sufficient justification to allege aiding and abetting against Plaintiff as it did not include the First Superseding indictment paragraph 18's aiding and abetting allegation; title 18 section 2(a). Instead, the Second Superseding Indictment's Grand Jury felt convinced to retain the allegation of causing an act to be done; title 18 section 2(b) which was alleged in the first and the second superseding indictment's paragraph 6. After the Second Superseding Grand Jury refused to charge aiding and abetting defendant's Stotler and Sagel change the indicted charges to add back this and other charges as indicated below.

3. The second superseding indictment on page 1 line 19 charges counts one through four [ 18 U.S.C. § 1343 ***and*** 2(b)], simple wire fraud ***and*** causing an act to be done.

4. Alicemarie Stotler chief United States District Judge Acting under color of her oath to uphold the United States Constitution in January 2006 did instruct the jury that " your

verdict must be based solely on the evidence and on the *law* as I
have given to you in these *instructions*", see exhibit B-court
instruction #41 lines 2-3 and case number SA CR 03-25(B)AHS
docket entry # 212.

5. Alicemarie Stotler acting under color of her oath to
uphold the United States Constitution violated Plaintiff's Fifth
Amendment right to be tried only on an "indictment of duly sworn
Grand Jury" when she used her instructions number 5 and 24 lines
2-5 and 2-4 respectively to the jury to change the indicted
counts one through four from one charge to two different charges
consisting of 18 U.S.C. § 1343 *or* 18 U.S.C. § 2(a) by stating
"defendant Bennett has been charged in counts one through four
with wire fraud....*or* aiding and abetting in the commission of
this crime....", see exhibit B- court instruction 5 and 24 lines
2-5 and 2-4 respectively and case # 03-25(B) AHS docket #212.

6. The second superseding indictment on page 5 line 2
charges counts five through ten [18 U.S.C. § 1344 *and* 2(b)] bank
fraud and causing and act to be done, see exhibit A-indictment.

7. Alicemarie Stotler acting under color of her oath to
uphold the United States Constitution violated Plaintiff's Fifth
Amendment right to be tried only on an "indictment of a duly
sworn Grand Jury" when she used her instructions number 7 and 24
lines 2-5 and 2-4 respectively to the jury to change the
indicted counts five through ten from one charge to two

different charges consisting of 18 U.S.C. § 1344 **or** 18 U.S.C. §

2(a) by stating "defendant Bennett has been charged in counts

five through ten with bank fraud…..**or** aiding and abetting in the

commission of this crime…..", see exhibit b- court instruction 7

and 24 lines 2-5 and 2-4 respectively and case # 03-25(B) AHS

docket #212.

8. On December 6, 2005 government dismisses count 11 with

prejudice, see case # 03-25(B)AHS Docket# 190.

9. On January 4, 2006 Alicemarie Stotler and Brett A. Sagel

violated Plaintiff's Fifth Amendment right to due process and

equal protection of the law by instructing the Jury that the

changed charges were the charges they were to deliberate on in

making their decision thereby circumventing the Fifth

Amendment's requirement to stand trial on charges made by a duly

sworn Grand Jury only, see docket #209.

10. On January 10, 2006 Alicemarie Stotler and Brett A.

Sagel while acting under the color of law violated Plaintiff's

Fourth Amendment right to be secure in his person from

unreasonable seizure by accepting convictions in charges made by

Alicemarie Stotler and not a duly sworn Grand Jury as

constitutionally required and both did have Plaintiff

unreasonably seized and incarcerated, see docket # 210.

11. On April 5, 2006 Plaintiff files discovery motion

requesting Alicemarie Stotler disclose the violations of law

1  charged against the 25 un-indicted counts she allowed government

2  to present at trial; she denies the motion, see docket #236 and

3  #245 respectively.

4      12.  Plaintiff has filed a number of motions for Bill of

5  Particulars to identify all counts and violations used during

6  trial; they have all been denied, see exhibit C-Bill of

7  Particulars.

8      13. Sentencing is set for October 6, 2006 in Plaintiff's

9  case number SA # 03-25(B)AHS. Plaintiff is still incarcerated on

10  charges in violation of is Fifth and Fourth Amendment rights

11  even after requesting bail which would be secured by property

12  until resolution of the dispute. He sits in jail being refused

13  the enumeration of all charges, denied bail, and about to be

14  sentenced for charges engineered by Alicemarie Stotler and Brett

15  A. Sagel.

16

17

18  _____
    Verified by James Davis Bennett

19

20  9.27.06
    **Date**

21

22

23

24

25

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST ALICEMARIE STOTLER IN HER INDIVIDUAL CAPACITY

**Introduction:**

1. Brett A. Sagel while acting under the color of the United States Constitution and his official office of assistant United States Attorney obtained; as indicated in paragraphs one and two of the Judicially Noticed Undisputed Facts and Verified Affidavit, **First Superseding indictment** and contained therein in paragraph 18 the Grand Jury returned a violation of adding and abetting (18 USC 2(a)) the Grand Jury in the *SECOND SUPERSEDING INDICTMENT DID NOT FIND SUFFICIENT CAUSE TO INDICT FOR AIDING AND ABETTING.* Thru court instructions 5, 7, and 24 Alicemarie Stotler and Brett A. Sagel violated the Plaintiff's Fifth Amendment right to be tried only on an indictment issued by a duly sworn Grand Jury by changing the charges back to *AIDING AND ABETTING,* among other changes as indicated in the request for judicial notice.

2. After obtaining convictions on the unconstitutional charges, Alicemarie Stotler and Brett A. Sagel violated Plaintiff's Fifth Amendment right to due process and equal protection of the law and his fourth amendment right to be secured in his person from unreasonable seizure when they ordered Plaintiff seized and incarcerated on the unconstitutional charges they engineered.

**Memorandum of Points and Authorities:**

1. "No person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a Grand Jury", The Fifth Amendment of the United States Constitution.

2. The Grand Jury "came to be regarded as an institution by which the subject was rendered secure against oppression from unfounded prosecution…..", Ex Parte Bain 7 S.ct 781.

3. "Purpose of requirement that a man be indicted by Grand Jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge", Stirone v U.S., 80 S.ct 270.

4. The indictment "being the findings of a jury upon oath, the court cannot amend without the concurrence of the Grand Jury by whom the bill is founded", Ex Parte Bain 7 S.ct 781.

5. The "court cannot permit a defendant to be tried on charges that are not made in the indictment against him", Stirone v U.S., 80 S.ct 270.

6. "After an indictment has been returned and criminal proceedings are underway the indictment's charge may not be broaden by amendment, either literal or constructive, except by the Grand Jury itself", U.S. v Adamson 291 F. 3d 606.

7. "After indictment has been returned, its charges may not be broadened through amendment whether it be by physical

1   alteration, jury instructions or bill of particulars, except by
2   the Grand Jury, U.S. v Pazsint, 703 F. 2d 420.

3       8. Ex Parte Bain held "that after the indictment was
4   changed it was no longer the indictment of the Grand Jury who
5   presented it. Any other doctrine would place the rights of the
6   citizen which were intended to be protected by the constitution
7   provision, at the mercy or control of the **court** or the
8   prosecuting attorney; for, if it be once held that charges can
9   be made by the consent or order of the **court** in the body of the
10  indictment as presented by the Grand Jury, and the prisoner can
11  be called upon to answer to the Indictment as thus changed, **the
12  restriction which the constitution places upon the power of the
13  court in regard to the prerequisite of an indictment** in reality
14  no longer exists. It is of no avail, **under such circumstances to
15  say the court still has <u>jurisdiction</u> of the person and of the
16  crime......"**.

17      9. In the Judicial Notice the Plaintiff has presented and
18  overwhelming amount of **<u>MATERIAL UNDISPUTABLE FACTS</u>** which are
19  supported by the very documents the defendant's used to violate
20  Plaintiff's Fifth and Fourth Amendment rights.

**Certificate of Notice:**

23      1. The Plaintiff verifies he has served this motion and all
24  attachments on all parties in the manner set forth on the
25  attached Certificate of Service.

**Conclusion:**

1. Plaintiff has no effective remedy to enjoin Alicemarie Stotler's unconstitutional detention. She refuses to act within the boundaries of the United States Constitution and is clearly acting in her own personal capacity under the influence of her own personal prejudices and in a clear absence of all jurisdiction and as such is not acting on behalf of the United States but instead is interfering with rights guaranteed by the United States constitution. The plaintiff has suffered hardship in the form of loss of income and is under threat of irreparable harm by total loss of family and business relationships if the restraint order and temporary injunction does not issue. Defendant's have no real stake or threat of loss of anything that would cause damage to them with the exception of correction of their personal prejudices.

2. The Plaintiff has demonstrated thru the judicial notice of undisputed facts that he has already mounted sufficient evidence to prevail on causes of action one and two within the complaint and, as is demonstrated in the exhibits attached to the filed complaint Plaintiff has a comparable probability of prevailing on the remaining causes of action number three, four and five. Also, it is in the Public interest to demonstrate that wrongs perpetrated against United States Citizens which involve Constitutional rights will not go un-noticed and those, in the

1  words of president Bush, who are not with us are against us. The

2  same can be said in regard to the constitution, those who are

3  not in agreement with it can be considered against it or aiders

4  and abetters.

5

6

7                              Dated this 26th   day of
                               September, 2006
8

9                                   James Davis Bennett,
                                    In Pro Se
10                                  SANTA ANA JAIL
                                    BK. NO. 06-00190
11                                  P.O. BOX 22003
                                    SANTA ANA, CA.
12                                  92701

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

**Case Name: James Davis Bennett vs Alicemarie Stotler et al.**

**Case Number:** 1:06- cv -01635-JDB

I certify that a copy of the  Notice of Motion & Motion for Judicial Notice Pursuant to Federal Rules of Evidence 201 supporting Plaintiff's Affidavit, Motion for Temporary Restraining Order & Preliminary Injunction was served on the following in the manner prescribed below:

| Party Served | Method of Service | Date Served |
|---|---|---|
| U.S. Attorney General<br>Alberto R. Gonzalez<br>U.S. Dept. of Justice<br>950 Pennsylvania Ave.N.W<br>Washington D.C. 20530-0001 | Federal Express | September 27, 2006 |
| Alicemarie Stotler<br>Ronald Reagan Bldg<br>411 W. Fourth Street<br>Santa Ana, Ca. 92701 | Personal Delivery | September 27, 2006 |
| United States Attorney<br>Attn: Brett A. Segal<br>411 W. Fourth Street #8000<br>Santa Ana, Ca. 92701 | Personal Delivery | September 27, 2006 |
| Federal Bureau of Invest.<br>Michael Rawlins<br>411 W. Fourth Street 3rd Floor<br>Santa Ana, Ca. 92701 | Personal Delivery | September 27, 2006 |
| David Hoffer<br>Calif. Superior Court/C55<br>700 Civic Center Drive West<br>Santa Ana, Ca. 92701 | US Mail Service | September 27, 2006 |

1

James Sensenbrenner **Federal Express** **September 27, 2006**
U.S. House of Rep.
238 Rayburn House Office Bldg
Washington DC 20515

Kenneth L. Wainstein **Federal Express** **September 27, 2006**
U.S. Attorney For
District of Columbia
555 4th Street N.W.
Washington DC 20530


James Davis Bennett    9.27.06

             **Date of Certification**