# EXHIBIT B-COURT INSTRUCTIONS

COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and arguments of counsel, it is my duty to instruct you on the law which applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2

The indictment is not evidence.  The defendant has pleaded not guilty to the charges contained in the indictment.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove his innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 5

Defendant Bennett has been charged in Counts One through Four with wire fraud, in violation of Section 1343 of Title 18 of the United States Code, or aiding and abetting in the commission of this crime, which I will discuss in a moment.

In order for defendant Bennett to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Bennett made up or participated in a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, defendant Bennett knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, defendant Bennett acted with the intent to defraud; and

Fifth, defendant Bennett used, or caused to be used, a wire, radio, or television communication in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

A wiring is caused when one knows that a wire, radio, or television communication in interstate or foreign commerce will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the

1  material sent via wire, radio, or television communication in
2  interstate or foreign commerce was itself false or deceptive so
3  long as the wire, radio, or television communication in
4  interstate or foreign commerce was used as a part of the scheme,
5  nor does it matter whether the scheme or plan was successful or
6  that any money or property was obtained.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

COURT'S INSTRUCTION NO. 7

2    Defendant Bennett has been charged in Counts Five through

3  Ten with bank fraud, in violation of Section 1344 of Title 18 of

4  the United States Code, or aiding and abetting in the commission

5  of this crime, which I will discuss in a moment.

6    In order to establish bank fraud, the government must prove

7  the existence of either: (1) a scheme to defraud; or,

8  alternatively, (2) a scheme for obtaining money or property by

9  means of false or fraudulent pretenses, representations, or

10  promises.  Although the government can prove both types of

11  schemes, it only needs to prove the existence of one type of

12  scheme.

13    It is not necessary for the government to prove that the

14  scheme succeeded, that anyone was actually deceived or defrauded

15  by the scheme, that any money was actually obtained, or that

16  anyone actually lost money as a result of the scheme; however,

17  you may consider evidence of loss in determining whether the

18  scheme existed.

19

20

21

22

23

24

25

26

27

28

9

COURT'S INSTRUCTION NO. 24

A person may be found guilty of wire fraud or bank fraud even if the defendant did not personally commit the act or acts constituting the crime but aided and abetted in its commission.

To prove defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, wire fraud or bank fraud was committed by someone;

Second, defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit wire fraud or bank fraud; and

Third, defendant acted before the crime was completed.

It is not enough that defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that defendant acted with the knowledge and intention of helping that person commit wire fraud or bank fraud.

The government is not required to prove whether defendant actually committed the crime or aided and abetted in its commission.

26

COURT'S INSTRUCTION NO. 26

Defendant has been charged in Count Twelve with a continuing financial crimes enterprise, in violation of Section 225 of Title 18 of the United States Code.

In order for defendant to be found guilty of that crime, the government must prove each of the following elements beyond a reasonable doubt, with all of you agreeing unanimously to each element:

First, defendant organized, managed, or supervised a continuing financial crimes enterprise;

Second, defendant received $5,000,000 or more in gross receipts from the continuing financial crimes enterprise in a twenty-four-month period; and

Third, defendant acted in concert with at least three other persons in executing the crimes.

"In concert" means a mutual agreement in a common plan or enterprise.

The phrase "continuing financial crimes enterprise" means a series of three (3) or more violations of the bank fraud statute, wire fraud statute, or mail fraud statute, the latter two violations affecting financial institutions, which are in some way related to one another, with all of you agreeing unanimously on which three or more violations the defendant committed.

Any testimony or evidence pertaining to the 1052 North Loma Vista Dr. property transaction in 2002 cannot be considered in connection with Count Twelve.

COURT'S INSTRUCTION NO. 41

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.