UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES DAVIS BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>ALICEMARIE STOTLER, *et al.*,<br><br>Defendants. | Civil Action No.  06-1635 (JDB) |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint and request for a temporary restraining order and a preliminary injunction.  The Court, *sua sponte*, will dismiss the complaint.

I.  BACKGROUND

According to plaintiff, the defendants, among whom are "an unscrupulous judge, errant prosecutor[s], a mischievous investigator, and a court appointed panel attorney," conducted an "Illegal crime conviction ring."[1]  Compl. at 7.  Special Agent Michael Rawlins of the Federal

---

[1] Plaintiff was charged with wire fraud, bank fraud, and other offenses in connection with a "scheme to defraud mortgage lenders and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises." *See* Compl., Ex. I (Trial Indictment) at 2.  Plaintiff recruited family members and associates as intermediaries who purchased properties at or near market value, recruited others as straw buyers who purchased these properties from the intermediaries at inflated prices, and obtained loans using fraudulent loan packages from financial institutions for the straw buyers, who then defaulted on the mortgage loans leaving the lenders with losses exceeding $1 million.  *Id.* at 3-4.  Plaintiff was arrested on January 29, 2003, was tried by a jury, and was convicted on January 10, 2006.  Compl. at 10, 12.  Apparently, he is to be sentenced on October 6, 2006.

Bureau of Investigation allegedly obtained a search warrant "through perjury designed to create[] probable cause and perjury designed to create federal jurisdiction." *Id.* at 9 (emphasis in original). After a search of plaintiff's residence and business office, Special Agent Rawlins and Assistant United States Attorney David Hofer allegedly "used the illegally obtained documents from the search" to cause plaintiff's arrest and to bring criminal charges against him. *Id.* at 10. The presiding judge, Alicemarie Stotler, Chief Judge of the United States District Court for the Central District of California, allowed Assistant United States Attorney Brett A. Sagel, "who was unlicensed," to try the case for the government. *Id.* at 11. Further, Chief Judge Stotler allegedly forced plaintiff to accept the substandard services of appointed defense counsel and ruled against plaintiff on his motions to suppress evidence, to call a handwriting expert as a witness at the criminal trial, and for acquittal. *Id.* at 10, 11. In addition, Chief Judge Stotler allegedly "changed the Grand Jury Indictment by adding 15 additional counts used to increase the probability of convictions." *Id.* at 11 (emphasis in original). Plaintiff faulted Alberto Gonzales, United States Attorney General, and James Sensenbrenner, Chair of the House Committee on the Judiciary, for their alleged failure to formulate policies and to provide oversight designed to prevent the violations of plaintiff's constitutional rights. *Id.* at 7.

Plaintiff demands unspecified monetary and punitive damages from all defendants. Compl. at 17-18. In addition, he demands that Representative Sensenbrenner initiate "investigative proceedings against [C]hief [J]udge Alicemarie Stotler for possible filing of impeachment resolution for high crimes and misdemeanors and proof of same," and that Attorney General Gonzales investigate "Chief [J]udge Alicemarie Stotler, David Hoffer, Brett A. Sagel and Michael Rawlins for the constitutional violations [alleged in the complaint], for

obstruction of justice, perjury, subornation of perjury and other crimes against minorities and others." *Id.* at 17.

## II. DISCUSSION

### A. Plaintiff's Claims for Monetary Damages are Barred

#### 1. Immunity Bars Claims for Money Damages

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Bradley v. Fisher*, 13 Wall. 335, 347 (1872). As the Supreme Court has stated,

> This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted).

It cannot be said that a district judge presiding over a criminal case exceeds her jurisdiction by appointing defense counsel, ruling on a motion to suppress evidence, instructing a jury, and ordering plaintiff's detention pending sentencing. These acts were undertaken in Chief Judge Stotler's judicial capacity, and plaintiff's claims against her are barred by absolute judicial immunity. *See Clark v. Taylor*, 627 F.2d 284, 288 (D.C. Cir. 1980) (per curiam) (finding that Superior Court judges' disposition of motions in criminal proceeding "can only be characterized as judicial action"). Plaintiff's challenges to his conviction and sentence may be proper subjects

for a post-conviction motion in the United States District Court for the Central District of California, or an appeal to the United States Court of Appeals for the Ninth Circuit, but they are not a proper basis for a damages claim against the judge.

Prosecutors, too, are absolutely immune from civil suits for damages arising from the performance of their official duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976); *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir.1983) (limiting absolute prosecutorial immunity to conduct "so closely associated with judicial process that it can be characterized as advocatory"), *cert. denied*, 465 U.S. 1100 (1984).  Actions taken in the course of prosecuting the criminal case against plaintiff, such as initiating criminal proceedings and presenting evidence at criminal trials, are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. at 430.  Plaintiff's claims for monetary damages against Assistant United States Attorneys Hofer and Sagel are thus barred by prosecutorial immunity.  *See, e.g., Moore v. Motz*, 437 F.Supp.2d 88, 91-92 (D.D.C. 2006) (concluding that claims against prosecuting attorneys of Justice Department's Criminal Division are barred by prosecutorial immunity).

Finally, legislative immunity bars plaintiff's claims for monetary damages against Representative Sensenbrenner.  "It is the purpose and office of the doctrine of legislative immunity, having its roots as it does in the Speech or Debate Clause of the Constitution . . . , that legislators engaged in the sphere of legitimate legislative activity . . . should be protected not only from the consequences of litigation's results but also from the burden of defending themselves." *Dombrowski v. Eastland*, 387 U.S. 82, 84-85 (1967) (internal citations and quotation marks omitted).  The Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, confers on members of Congress immunity for all actions "within the 'legislative sphere,' even though their conduct, if

performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973)); *see Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502 (1975) (Speech or Debate Clause's purpose is "to insure that the legislative function the Constitution allocates to Congress may be performed independently"); *see also Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 13 (D.C. Cir. 2006).

Congress' power "to investigate and to do so through compulsory process" falls within the scope of legitimate legislative activity. *See Eastland v. United States Servicement's Fund*, 421 U.S. at 504; *Doe v. McMillan*, 412 U.S. at 313 (protecting the "act[ ] of authorizing an investigation pursuant to which the subject materials were gathered"); *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("Investigations, whether by standing or special committees, are an established part of representative government."); *see also Bastien v. Office of Senator Ben Nighthorse Campbell*, 390 F.3d 1301, 1314 (10th Cir. 2004) ("the words 'Speech or Debate' have been read broadly to encompass all formal actions in the official business of Congress, including voting, conducting hearings, issuing reports, and issuing subpoenas), *cert. denied*, __ U.S. __, 126 S.Ct. 396 (2005). Claims arising from Representative Sensenbrenner's action, or inaction, in his capacity of Chair of the House Committee on the Judiciary will therefore be dismissed.

2. <u>The Supreme Court's Holding in *Heck v. Humphrey* Bars Claims for Money Damages</u>

In *Heck v. Humphrey*, the Supreme Court held that a state prisoner's "claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can

demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. at 487); *see also White v. United States Probation Office*, 148 F.3d 1124, 1126 (D.C. Cir.1998) (per curiam) (dismissing Privacy Act suit because judgment in plaintiff's favor on challenge to legal conclusions of presentence investigation report "would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding"). The holding in *Heck v. Humphrey* applies to civil rights claims against individuals in *Bivens* actions also. *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (per curiam) (applying *Heck* rationale so that plaintiff "cannot recover damages for the actions of those who allegedly brought about his [criminal] convictions" where plaintiff was found guilty and verdicts had not been overturned).

Plaintiff alleges several violations of his Fourth, Fifth and Sixth Amendment rights, including the issuance of a search warrant without probable cause, the introduction of evidence obtained from an unlawful search, his conviction on charges not presented in the indictment, and the ineffective assistance of defense counsel. A decision in this case in plaintiff's favor necessarily implies that his conviction is invalid, and plaintiff does not establish here the invalidity of his conviction by showing that it has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 487.

Insofar as plaintiff brings civil rights claims against any party in his individual capacity under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the claims must fail. Therefore, plaintiff's claims for monetary damages against Special

Agent Rawlins and all other defendants will be dismissed on this basis.

### C. This Court Cannot Consider Plaintiff's Habeas Claim

The Court construes plaintiff's demands for injunctions "designed to prevent Chief Judge Alicemarie Stotler's continued unconstitutional detention of the plaintiff," Compl. at 17, as a demand for his immediate release sounding in habeas.[2] "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000) (concluding that federal prisoner's exclusive remedy is habeas "even when a non-habeas claim would have a merely probabilistic impact on the duration of custody"). Habeas corpus actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas action is plaintiff's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.), *cert. denied*, 543 U.S. 975 (2004).

Neither plaintiff nor his custodian are within the territorial confines of the District of

---

[2] The Court also construes plaintiff's "Notice of Motion & Motion for Judicial Notice Pursuant to Federal Rules of Evidence 201 supporting Plaintiff's Affidavit, Motion for Temporary Restraining Order & Preliminary Injunction," *see* Dkt. #2, as a habeas claim. Plaintiff, who will be sentenced on October 6, 2006, contends that he remains "incarcerated on charges in violation of [h]is Fifth and Fourth Amendment rights," *id.* at 6. This motion will be denied as well.

Columbia. Plaintiff's habeas claim therefore cannot proceed in this district, and hence will be dismissed.

### D. Decisions to Initiate Criminal Prosecutions are Left to the Attorney General's Discretion

To the extent that plaintiff demands criminal prosecution against defendants, that claim must fail. This Court has no authority to compel the Attorney General to initiate a criminal investigation or to prosecute a criminal case. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam) (concluding that mandamus "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966).

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss plaintiff's complaint and deny his motion for injunctive relief. In short, plaintiff cannot come to this Court to lodge a challenge to his continued detention and prosecution in California, nor can he seek monetary damages against officials of all three branches of the federal government for their roles in the criminal case against him. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
JOHN D. BATES
Date: October 5, 2006         United States District Judge