1

2

3   James Davis Bennett, In Pro Se.
    FCI Victorville Med. I
4   P.O. Box 5300
    Adelanto, Ca. 92301

5

6          UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

7   James Davis Bennett          )   Case No. 06-1635(JDB)
                                 )   Ex Parte Request to submit
8             Plaintiff,         )   additional information in
                                 )   support of temporary restrain-
9   v.                           )   ing order and preliminary injunc-
                                 )   tion.
10  Alicemarie Stotler, et.al.,  )
                                 )
11  _____Defendants___)

12

13                      INTRODUCTION/REQUEST

14      On October 5, 2006 the court dismissed Plaintiff's Bivens

15  complaint against goverment employees in their individual cap-

16  acity. The Court's decision was primarily founded on a theory

17  of absolute immunity of all named federal employee defendants.

18  Since the court's dismissal the Plaintiff has obtained additional

19  support demonstrating that the actions of these federal employees

20  fall outside the boundaries of moral justice, The United States

21  Constitution, and applicable federal statutes and rules.

22      Attached hereto as exhibit "A" and made a part hereof is

23  the October 6, 2006 plaintiff sentencing transcripts and a sub-

24  sequent criminal filing by defendant Brett A. Sagel (the unlic-

25  ensed Assistant United States Attorney). The transcripts

26  captures Chief Federal District Court Judge Alicemarie Stotler

27  intentionally covering up some of the legal acts committed by

28

                              Page 1

1  her and others while at the same time continuing to violate the

2  Plaintiff's Sixth Amendment right to be informed of the nature

3  of accusations against him. The filing by Brett A. Sagel evid-

4  ences a conspiracy being carried out through Ex Parte commun-

5  ications between Sagel and Stotler and as is demonstrated on

6  page 2 lines 3-6, there Stotler demonstrates her influence in

7  being able to terminate and possibly initiate prosecutions.

8      Because the ongoing nature of the unconstitutional acts

9  being carried out against the plaintiff, plaintiff request the

10 court to allow him to conduct discovery and to thereafter pre-

11 sent additional support for his Biven's claim.

12

13

14                          DATED: December 26, 2006

15

16                          James Davis Bennett, In
                            Pro Se
                            FCI Victorville Med. I
17                          P.O. Box 5300
                            Adelanto, Ca.  92301
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A-TRANSCRIPTS & FILING

COPY

1 | DEBRA WONG YANG
United States Attorney
2 | WAYNE R. Gross
Assistant United States Attorney
3 | Chief, Santa Ana Branch Office
BRETT A. SAGEL (CBN: 243918)
4 | Assistant United States Attorney
    Ronald Reagan Federal Building
5 |     411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
6 |     Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
7 |     Email: Brett.Sagel@usdoj.gov

8 | Attorneys for Plaintiff
United States of America

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 8 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. SA CR 03-25(B)-AHS |
| | ) | |
| Plaintiff, | ) | EX PARTE APPLICATION TO |
| | ) | DISMISS ORIGINAL INDICTMENT |
| v. | ) | AND FIRST SUPERSEDING |
| | ) | INDICTMENT; |
| JAMES DAVIS BENNETT, | ) | [PROPOSED] ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff United States of America, by and through its counsel of record, hereby applies ex parte for an order to dismiss the original indictment returned by the grand jury on or about January 29, 2003, and the first superseding indictment returned by the grand jury on or about October 7, 2004.

On January 10, 2006, a jury convicted defendant JAMES DAVIS BENNETT ("defendant") on Counts 1 through 10 of the second superseding indictment. The grand jury returned a second superseding indictment against defendant on or about September 7, 2005. Counts 1 through 10 in the second superseding indictment

1 | are identical to the same counts in the original indictment and
2 | the first superseding indictment.
3 |     Pursuant to the Court's request and as an administrative
4 | matter only, the Government moves to dismiss the original
5 | indictment against defendant and the first superseding indictment
6 | against defendant.
7 |     Defendant is in custody and is pro se; therefore, the
8 | undersigned has not been able to obtain his position regarding
9 | this motion.
10 |
11 | Dated: November 8, 2006      Respectfully submitted,
12 |           DEBRA WONG YANG
          United States Attorney
13 |
14 |           WAYNE R. GROSS
          Assistant United States Attorney
          Chief, Santa Ana Branch
15 |
16 |
17 |           BRETT A. SAGEL
          Assistant United States Attorney
18 |           Attorneys for Plaintiff
          United States of America
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

2

COPY

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE ALICEMARIE STOTLER, JUDGE PRESIDING

UNITED STATES OF AMERICA,
                         Plaintiff,
          vs.
                                              SACR-03-25(B)-AHS
JAMES BENNETT,
                         Defendant.

------------------------------

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

October 6, 2006

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

2

1   APPEARANCES OF COUNSEL:

2   For the Plaintiff:

3   DEBRA W. YANG
    United States Attorney
4   WAYNE R. GROSS
    Assistant United States Attorney
5   Chief, Santa Ana Branch Office
    BRETT A. SAGEL
6   Assistant United States Attorney
    U.S. District Courthouse
7   411 West Fourth Street, 8th Floor
    Santa Ana, CA  92701
8   (714) 338-3541

9   For the Defendant:

10  JAMES DAVIS BENNETT, PRO SE
    #32589-112
11  FCI Victorville Medium 1
    Federal Correctional Institution
12  P.O. Box 5300
    Adelanto, CA  92301

13

14

15

16

17

18

19

20

21

22

23

24

25

1    SANTA ANA, CALIFORNIA; OCTOBER 6, 2006; A.M. SESSION

2             THE CLERK:   Item No. 3, SACR-03-25(B)-AHS,

3    United States of America versus James Davis Bennett.

4             Appearances, please.

5             MR. SAGEL:   Good morning, Your Honor.   Brett Sagel

6    on behalf of the government, and with me at counsel table is

7    Special Agent Michael Rollings.

8             THE COURT:   Thank you.

9             MR. BENNETT:   Good morning, Your Honor.   James

10   Bennett, pro se.

11            THE COURT:   Mr. Bennett is present as well.

12            This matter is set down for the sentencing hearing

13   in the defendant's case, and we have issued a tentative

14   ruling which the parties received this morning and which I

15   have been advised the parties have had time to review.

16            As you can determine, based upon the parties'

17   filings and the presentence report, the Court has indicated

18   that a sentence for the defendant in the range of ten years

19   is approximately a just and reasonable sentence under the

20   advisory Guidelines.

21            We would invite the defendant to make additional

22   comments concerning the matter of his sentencing, hear from

23   Mr. Bennett, then hear from Mr. Sagel, and then the Court

24   will pronounce judgment.

25            Mr. Bennett, let's start with you first.

4

1        MR. BENNETT:  Thank you.

2            I guess the first place where I would like to

3    start with the sentencing is I am a little bit confused

4    about the counts.  I understand that you did eliminate Count

5    12.  That left Counts 1 through 10, so if you could --

6    actually I guess I should start by saying that there are

7    several -- in the Indictment, the counts are indicated as --

8    Counts 1 through 4 are indicated as 1343 and subsection

9    (2)(b), which is wire fraud and causing an act to be done.

10   Counts 5 through 7 -- on page five of the Indictment, it's

11   indicated as Section 1344 and Section (2)(b).  Section 1344

12   is bank fraud.  Section (2)(b) is causing an act to be done.

13           Now, I guess my confusion comes probably with the

14   first part.  Once I read your opinion dated May 24, you

15   indicated in that opinion there were a number of properties

16   that -- I guess I have been trying to find out what the

17   charges were related to those properties, and actually they

18   were part of the 25 properties that were Exhibit 258 that

19   the government brought in at trial, but let me direct your

20   attention specifically to Count 1.

21       THE COURT:  I know what they are, Mr. Bennett.

22       MR. BENNETT:  I just wanted to kind of go over

23   this with you, so before I leave here, at least I can have a

24   clear understanding of exactly what those charges were

25   because they are different from the Indictment.

5

1          THE COURT:  I read all of that in your objections

2    to the presentence report.

3          MR. BENNETT:  I understand that but if I can

4    continue.  On Count No. 1, I noticed in your opinion when

5    you analyzed -- I think it's about 15 properties.  You

6    analyzed about 15 properties in that opinion.  Absent within

7    those 15 properties was Count 1.

8          The properties that you did analyze within those

9    15 properties were properties that you were analyzing to

10   determine if the jury had returned convictions on violations

11   that had somehow affected financial institutions.  Absent

12   within that analysis was Count 1, which indicated that you

13   yourself had agreed with the jury's verdict of guilty of

14   Count 1, that Count 1 had affected in some way a financial

15   institution.  As I look at the Indictment, Count 1 is not

16   charged in any way, shape, or form as being connected with a

17   financial institution.  It's simple wire fraud.

18         In your jury instructions for Counts 1 through

19   4 --

20         THE COURT:  Mr. Bennett, I read all of that in the

21   papers, so you don't have to recount it.

22         MR. BENNETT:  I am trying to find out before you

23   pass sentence what the sentence is going to be and what are

24   the charges you are going to pass the sentencing on, so if

25   you could give me an opportunity to just --

6

1          THE COURT:  It will be on all the counts of

2     conviction that remain.

3          MR. BENNETT:  What were those counts, and what

4     were the charges?

5          THE COURT:  Counts 1 through 10 of the Second

6     Superseding Indictment.

7          MR. BENNETT:  What were the violations that were

8     returned?

9          THE COURT:  I believe you were here, sir.

10          MR. BENNETT:  I would like you to tell me exactly

11     what 1 through 4 -- the convictions were.  I would like to

12     see the verdict form if I could.  Just so that the record is

13     clear, Counts 1 through 4 in your instructions to the

14     jury -- you instructed the jury that Counts 1 through 4 were

15     Section 1343, wire fraud.  They had a choice of picking

16     either Section 1343 --

17          THE COURT:  Mr. Bennett, let's try it this way.

18          Is there any legal cause why the sentence should

19     not now be pronounced?

20          MR. BENNETT:  I would like to finish if I could.

21          THE COURT:  Is that legal cause?

22          MR. BENNETT:  Yes.

23          THE COURT:  Please continue.

24          MR. BENNETT:  Counts through 4 -- let's be

25     perfectly clear about Counts 1 through 4.  You instructed

7

1  the jury --

2          THE COURT:  Yes, I know what the instructed the

3  jury.

4          MR. BENNETT:  -- on Counts 1 through 4 that they

5  had an opportunity -- or their decision was to rest on

6  either conviction of wire fraud which is Section 1343 or

7  aiding and abetting which is Section (2)(A).

8          THE COURT:  You have covered this in your papers.

9          MR. BENNETT:  I understand that, but what I need

10  to know is since you instructed the jury to a charge that

11  was not in the Indictment, what was the conviction in Counts

12  1 through 4 that you plan to sentence me for today?

13          THE COURT:  Anything else you care to say?

14          MR. BENNETT:  No, I am not finished, but I would

15  like to know that first, and then I would like to go and

16  find out -- on Counts 5 through 10, we have the same problem

17  with those counts also.  Counts 5 through 10 appear on the

18  Indictment as Section 1344 which is bank fraud, and in the

19  conjunctive -- and -- Section (2)(b), which is causing an

20  act to be done, something similar to what I explained to you

21  about in Counts 1 through 4.

22          THE COURT:  And which you covered in your papers.

23          MR. BENNETT:  Absolutely, and which I would like

24  to know before you pass sentence today.  In Counts 5 through

25  10, we have the same problem.  In Jury Instruction No. 7 and

8

1    Jury Instruction No. 24 --

2              THE COURT:  Which you covered in your papers.

3              MR. BENNETT:  Yes, and which you denied -- I felt

4    that the Court had no jurisdiction to give that

5    instruction -- those two instructions or to allow the jury

6    to consider convictions in counts or charges that weren't

7    appearing in the Indictment the same way that --

8              THE COURT:  And so your papers indicate, sir.

9              MR. BENNETT:  So what we have here is Counts 5

10   through 10 which on the Indictment appear as bank fraud and

11   causing an act to be done, which bank fraud is Section 1344.

12   Causing an act to be done is Section (2)(b), and it's in the

13   conjunctive.  You gave jury instruction -- or Court

14   Instruction No. 7 to the jury.  You gave them a choice in

15   the disjunctive of selecting bank fraud, Section 1344, or

16   aiding and abetting bank fraud which is Section (2)(A).

17             THE COURT:  And so you indicated in your papers.

18             MR. BENNETT:  If we had no difference in the jury

19   instructions and the Indictment and since you have declined

20   my request for the verdict form, which I don't see any

21   reason why -- I would like to take a look at the verdict

22   form.

23             If there was no variance between the Indictment

24   and the jury instruction, then we would have no problem.  I

25   would think we wouldn't have a problem.  If the 25 counts

1    that you allowed the government to bring in during trial --

2    if that never occurred, I don't think we would have a

3    problem either, but you did.  You allowed 25 counts to come

4    in to this court, 25 counts.  We only started off with 12

5    counts in the Indictment.  Count 11 was dismissed.  That

6    left us with Counts 1 through 10 and Count 12.  I don't know

7    where the 25 counts came from.

8        I also do not know -- Jury Instruction or Court

9    Instruction No. 26, what are the properties and lenders that

10   Court instruction applies to.

11       So if you can answer those questions for me, and I

12   realize that you decline to provide me the verdict form on

13   all the charges.  I would once again request the verdict

14   form just so we know exactly what we are doing here and just

15   so that I know exactly what happened.

16       THE COURT:  Is there anything else?

17       MR. BENNETT:  If you could tell me exactly what

18   the convictions were?  The Court instructions were not --

19   did not match the Indictment, so I am trying to find out if

20   -- I just read your tentative on the sentencing.  I am

21   trying to find out what are the charges you plan to sentence

22   me on?  Is it going to be the indicted charges, or is it

23   going to be the charges that you told -- you gave

24   instructions to the jury on?

25       THE COURT:  Let me advise you that you are

1   entitled to take an appeal of the Court's judgment by filing

2   a Notice of Appeal within ten days from today's date, and if

3   you fail to file a Notice of Appeal within that time, there

4   will be no review of the Court's judgment.

5           Do you have questions about your right to appeal?

6           MR. BENNETT:  I think at this point I need an

7   attorney.  I am requesting assistance of a Court-appointed

8   attorney because you refuse to explain to me on the record

9   what the convictions are and what the violations are.  I

10  don't think I need to leave here without knowing that.

11          If you are going to give me a sentence to prison,

12  I think you have an obligation not only to this court but to

13  this government to tell me before I leave out of here.  The

14  Fifth Amendment demands that you tell me exactly what you

15  plan to sentence me on since you changed the charges from

16  what was indicted.

17          So I don't think it's something that you can tell

18  me that I need to finish and shut up and get moving.  I

19  think you need to do that, Your Honor, and I think that

20  justice demands it.

21          THE COURT:  Do you have any questions about your

22  right of appeal?

23          MR. BENNETT:  I am requesting at this point

24  Court-appointed counsel to complete this sentencing.

25          THE COURT:  Do you have any questions about your

11

1   right of appeal?

2          MR. BENNETT:   I would like to say right now that I

3   do -- if you could, I have got an appeal set up here.   If I

4   could give this to you and you can have your clerk stamp

5   this.   This is my Notice of Appeal, but I am still

6   requesting -- I am at a point now where I need to have

7   appointed counsel, so I would like to find out what your

8   answer is in response to that.   Also, I have got copies of

9   the Notice of Appeal prepared, which if you could have your

10  clerk stamp it.

11         THE COURT:   We will accept it.   The clerk is to

12  accept from the defendant the Notice of Appeal, and I will

13  hold for the moment your request for counsel because I

14  regard it this point as a delay tactic and hear from

15  government counsel.

16         Mr. Sagel, if would you address the Court's

17  tentative ruling.   Any of the defendant's remarks that you

18  wish to address, you may.

19         MR. SAGEL:   Thank you, Your Honor.

20         I won't belabor our points.   We still believe in

21  what we filed in our papers, but we would concur -- or we

22  would not object to Your Honor sentencing the defendant to

23  121 months.   We would stick by our recommendation of 168

24  months, however.

25         I am afraid to say this, but I also would ask Your

*SHARON SEFFENS, U.S. COURT REPORTER*

12

1   Honor to ask the defendant if he wishes to allocute as well,

2   so that there is no doubt of whether he was speaking as

3   himself or as his lawyer at that point.  Other than that, we

4   rest on our papers.

5              THE COURT:  Thank you.

6              Yes, the defendant was being asked to speak on his

7   behalf concerning sentencing and tell us if there was any

8   legal cause why sentence should not be pronounced, and

9   neither has been particularly helpful so far.

10             Mr. Bennett, I believe the clerk has now accepted

11  your Notice of Appeal.  Is that correct?

12             MR. BENNETT:  Yes.

13             THE COURT:  Mr. Bennett, the Notice of Appeal has

14  to be filed in the District Court, so what I am going ask

15  you to do is line out where it says "Ninth Circuit Court of

16  Appeals" and say "District Court," and then we will go ahead

17  and take the Notice of Appeal.

18             MR. BENNETT:  Absolutely.  They have taken my pen,

19  so if I could get --

20             THE COURT:  I will have the clerk do that.  It's

21  goning to say in the Central District Court.

22             MR. BENNETT:  That's fine.  Also, all the comments

23  that I made prior, those comments were actually directed

24  from a pro se standpoint.

25             The comments that -- I think you kind of confused

*SHARON SEFFENS, U.S. COURT REPORTER*

1  that I was making my legal arguments in addition to my

2  allocution.

3          THE COURT:  Let's break it up then, so that you

4  have it clear that you have been telling me about legal

5  cause I think why sentence should not be pronounced.  Let me

6  state to you that I do believe that your request for counsel

7  is a delay and dilatory tactic, and as the government has

8  pointed out in the papers, you appear to be utilizing your

9  own advice that was given to one of the witnesses concerning

10 delay, so as much as I know it's your right to have counsel,

11 on this very eleventh-plus hour, I am not going to delay the

12 proceedings further and have counsel come in.  As I pointed

13 out to you and in the tentative ruling, we have taken

14 account of the various objections and motions that you have

15 filed.

16         MR. BENNETT:  Also, Your Honor, I have a -- if I

17 could get you to take a look -- this is actually a

18 document -- this is a document that I had already filed with

19 you.  If I could get you to take a look at that and get a

20 signature so I can order the transcripts on this.

21         THE COURT:  That's something that can be given to

22 the clerk after the hearing.  Once you file a Notice of

23 Appeal, I think that form will routinely come to me, so I

24 don't think you have to worry about the transcripts being

25 ordered.  I assume it has a designation.

14

```
 1          MR. BENNETT:  Yes.

 2          One additional thing, I had requested -- actually,

 3   as you know, I have made a number of requests for bail.

 4   There has been some difference in opinion.  Initially, I

 5   think it was the April 21 or the April 24 hearing where you

 6   indicated that your reason for denying bail was a lack of

 7   employment or my putting up some property.

 8          I did after that point submit another bail motion

 9   which covered those issues that you were concerned about.

10   At that point, you brought up another issue about your

11   concern about my fleeing or clear and convincing evidence.

12   As you put it, you wanted clear and convincing evidence that

13   I would not flee.

14          I believe I submitted another bail motion after

15   that, which I thought would -- which included electronic

16   monitoring, so I am a little bit -- I am trying to find out

17   what is your definition of "clear and convincing evidence,"

18   so that I might be able to satisfy that for you, Your Honor?

19          THE COURT:  We do not have a notice motion per se

20   about bail pending appeal or otherwise, but to the extent

21   that's what your request is, it's likewise denied.  The

22   burden has always been on you to show that you are not a

23   risk.

24          MR. BENNETT:  I guess that still doesn't answer my

25   question, but going back to the question, your primary
```

15

1    reason for denying bail in the last bail motion denial was I

2    had not presented clear and convincing evidence that I

3    wouldn't flee even after I had offered to the Court

4    electronic monitoring in addition to property secured.

5            So what is your definition of "clear and

6    convincing evidence"?  Do you have a definition?  I am not

7    certain.

8            THE COURT:  This is the time for sentencing,

9    Mr. Bennett.  That issue is not before the Court at this

10   time.

11           Is there anything else you want to say concerning

12   the matter of sentencing?

13           MR. BENNETT:  Nothing other than the request that

14   the Court -- nothing other than to just tell me which one of

15   those charges on Counts 1 through 4 and Counts 5 through

16   10 -- what were the convictions, and what's the

17   sentencing -- what's the violation that the sentence will be

18   imposed for those counts?

19           THE COURT:  Counts 1 through 4 will carry a

20   sentence of 60 months and then 121 months on Counts 5

21   through 10.

22           MR. BENNETT:  I'm sorry.  That wasn't the

23   question.  The question was the identification of the

24   violations on those counts that the convictions were

25   sustained.

16

```
 1              THE COURT:  All right, anything else?

 2              MR. BENNETT:  No.  If you could provide that

 3   and -- that would be fine.

 4              THE COURT:  Those are the issues that you may wish

 5   to take up on the appeal.

 6              Are you sure that you have told me any legal cause

 7   why the sentence should not be pronounced or other

 8   allocution?

 9              MR. BENNETT:  To be totally honest with you, the

10   legal cause why the sentence should not be pronounced is for

11   all the foregoing reasons I have said, but, basically, I was

12   tried on violations that weren't returned by the Grand Jury.

13   The government brought in 25 counts, alleged at least three

14   violations of law per each count, which wasn't on the

15   Indictment.  You allowed it to happen.

16              You in turn instructed the jury to convict me on

17   counts that weren't in the Indictment, so, therefore, it's

18   in violation of the Fifth Amendment.  I have a right to be

19   tried on a Grand Jury indictment only.  You changed it with

20   Jury Instructions Nos. 5, 7, and 24, and in addition added

21   25 counts to Jury Instruction No. 26, so, therefore, there

22   is a clear absence of jurisdiction for any sentencing today.

23              THE COURT:  Does that conclude your statement?

24              MR. BENNETT:  Yes.

25              THE COURT:  All right.
```

*SHARON SEFFENS, U.S. COURT REPORTER*

17

1          Mr. Sagel, is there anything you wish to add in

2   light of the defendant's additional remarks?

3          MR. SAGEL:  No, but in response to your tentative,

4   there are no victims here that wish to be heard prior to

5   sentencing.

6          THE COURT:  Thank you.

7          The Court rules in accordance with the tentative

8   ruling.

9          First, it is ordered that the defendant pay to the

10  United States a special assessment of $1,000, which is $100

11  per count of conviction due immediately.

12         Second, the defendant shall pay restitution in the

13  total amount of $751,050 under Section 3663A.

14         The restitution ultimately consists of the

15  following:

16         As to Count 1, CIT Group, also known as Chase

17  Manhattan, $90,000.

18         Equicredit, a Division of Bank of America, Count

19  2, $88,750.

20         Flagstar Bank, $493,014, and this is as reflected

21  in Counts 5, 6, and 7.

22         Greenpoint Mortgage based on a conviction in Count

23  3 for $79,285.

24         I have rounded off the change of 18 cents from

25  what's contained in the presentence report for a total of

18

1   $751,050.

2       The defendant should make restitution forthwith,

3   and if he makes a partial payment, then each payee shall

4   receive approximately proportional payment.

5       The defendant shall be held jointly and severally

6   liable for all restitution ordered against his

7   co-participants:  Steven Brian Rogers, Benny Ibarra, Ricardo

8   Omar Garcia, and Bernardo Fernandez, in related cases in

9   Docket Nos. 03-25 and 02-122, and for the amount of

10  restitution ordered in this judgment.

11      The defendant is ordered to pay a total fine of

12  $12,500, which shall bear interest as provided by law.  Both

13  the restitution and fine are ordered to be paid in full

14  immediately.

15      In addition defendant shall comply with General

16  Order 01-05.

17      It is the judgment of the Court that defendant

18  James Davis Bennett be committed on Counts 1 through 10 of

19  the Second Superseding Indictment to the custody of the

20  Bureau of Prisons to be imprisoned for a term of 121 months.

21  This term consists of 60 months on each of Counts 1 through

22  4 and 121 months on each of the Counts 5 through 10 in the

23  Second Superseding Indictment, all to be served

24  concurrently.

25      Upon defendant's release from imprisonment, he is

1    placed on supervised release for a term of five years.  This

2    consists of three years on each of the Counts 1 through 4

3    and five years on Counts 5 through 10, all such terms to run

4    concurrently under the following terms and conditions:

5         1.  The defendant shall comply with the rules and

6    regulations of the U.S. Probation Office and General Order

7    318 and 01-05;

8         2.  Defendant shall refrain from any unlawful use

9    of a controlled substance.  The defendant is ordered to

10   submit to one drug test within 15 days of release from

11   imprisonment and at least two periodic drug tests

12   thereafter, not to exceed eight tests per month, as directed

13   by the probation officer;

14        3.  The defendant shall participate in an

15   outpatient substance abuse treatment and counseling program

16   that may include urinanalysis, saliva and/or sweat patch

17   testing, as directed by the probation officer.  The

18   defendant is ordered to abstain from using illicit drugs,

19   alcohol, and abusing prescription medications during

20   supervision;

21        4.  As directed by the probation officer, the

22   defendant shall pay all or part of the costs of treating

23   defendant's drug dependency and/or alcohol dependency to the

24   aftercare contractor during the period of community

25   supervision under 3672.  The defendant shall provide payment

20

1    and proof of payment as direct by the probation officer;

2          5.   During the period of community supervision,

3    the defendant shall pay a special assessment, fine, and

4    restitution in accordance with this judgment if not

5    previously paid;

6          6.   The defendant shall truthfully and timely file

7    and pay taxes owed for the years of conviction and shall

8    truthfully and timely file and pay taxes during the period

9    of community supervision.  Further, defendant shall show

10   proof to the probation officer of compliance with this

11   order;

12         7.   The defendant shall not be employed or

13   engage, as whole or partial owner or otherwise, in any

14   business that involves real estate, loan programs,

15   telemarketing activities, investment programs or any other

16   business involving the solicitation of funds or cold-calls

17   to customers without the express written approval of the

18   probation officer prior to engagement in such employment.

19   Further, defendant shall provide the probation officer with

20   access to any and all business records, client lists, and

21   other records pertaining to the operation of any business

22   owned, in whole or in part, by the defendant as directed by

23   the probation officer;

24         8.   The defendant shall notify the Department of

25   Real Estate and the Department of Appraisers of his

1    conviction within 30 days of this judgment, and shall

2    provide proof of compliance to the probation officer;

3          9.  As directed by the probation officer, the

4    defendant shall apply monies received from income tax

5    refunds, lottery winnings, inheritance, judgments and any

6    anticipated or unexpected financial gain to the outstanding

7    Court-ordered financial obligation; and

8          10.  Defendant shall cooperate in the collection

9    of a DNA sample from his person.

10          The Court having sat through trial of the

11    defendant's case disagrees with the probation officer's

12    recommendation for a sentence at the low end of the Advisory

13    Guidelines.  As I have indicated in the tentative ruling,

14    nearly all of the government's arguments in support of a

15    high-end sentence apply in Mr. Bennett's case.

16          Certainly the fact that the proof may not show by

17    a preponderance that defendant received over a million

18    dollars personally -- I believe that is certainly one good

19    argument and very much an argument in support of a high-end

20    sentence along with all the others that show his

21    responsibility in this scheme.

22          The Court has previously advised the defendant of

23    his right of appeal, and the clerk is holding that notice to

24    be filed.

25          We have some other motions that the defendant has

1  filed.  As indicated in the tentative ruling, those motions

2  are denied.

3        Mr. Bennett, do you have anything else that you

4  wish to add?

5        MR. BENNETT:  Yes, just one thing.  You indicated

6  that you were sentencing me on Counts 1 through 4 and Counts

7  5 through 10 on the Indictment.  Those weren't the charges

8  that you charged the jury.

9        So what specifically am I being sentenced for?

10  What are the Counts 1 through 4 that you are sentencing me

11  for, and what are Counts 5 through 10?

12        THE COURT:  I think we have covered that

13  sufficiently, sir.

14        MR. BENNETT:  I don't think so.

15        THE COURT:  Mr. Sagel, is there anything else?

16        MR. SAGEL:  No, Your Honor.

17        THE COURT:  All right, that concludes the

18  proceedings at this time.  We stand adjourned.

19              (Proceedings were adjourned.)

20                    -oOo-

21

22

23

24

25

23

1                              -oOo-

2

3                          CERTIFICATE

4

5          I hereby certify that pursuant to Section 753,

6    Title 28, United States Code, the foregoing is a true and

7    correct transcript of the stenographically reported

8    proceedings held in the above-entitled matter and that the

9    transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date:   November 16, 2006

13

14

15           Sharon A. Seffens          11/16/06

16           SHARON A. SEFFENS, U.S. COURT REPORTER

17

18

19

20

21

22

23

24

25